B. W. (Buck) Tucker

*v.*

State of Tennessee.

361 S.W.2d 494.

(*Nashville,* December Term, 1961.)

Opinion filed October 4, 1962.

Paul D. Welker, Clarksville, for B. W. (Buck) Tucker.

Lyle Reid, Assistant Attorney General, for the State.

MR. JUSTICE DYER delivered the opinion of the Court.

Defendant, B. W. (Buck) Tucker was indicted in Montgomery County for murder in the first degree, and upon trial was found guilty of murder in the first degree receiving a sentence of twenty years and one day in the State Penitentiary.

The bill of exceptions filed in this case is very brief containing none of the evidence introduced at the trial. It does show Counsel for Defendant prior to the selection of the jury moved the Court to have appointed a court reporter paid for by the State, since the Defendant was indigent. The trial judge in overruling the motion observed the District Attorney General was not insisting upon the death penalty, nor would be qualify the jury for capital punishment; then under these circumstances a court reporter should not be appointed under Section 40-2010, T.C.A. After the verdict of the jury Counsel for Defendant moved the Court to be furnished a copy of the trial transcript which motion was overruled. This action on the part of the Trial Judge is also set out as error in the motion for a new trial.

Under Section 40-2010, T.C.A. a Trial Judge has discretion to appoint a court reporter to be paid by the

State where an indigent defendant is brought to trial under an indictment or presentment on which the death penalty may be inflicted, and the District Attorney General makes it known he intends to insist upon the infliction of capital punishment. In the case now at bar the District Attorney General stated he would not insist upon infliction of capital punishment, and did not do so. Under these circumstances we do not think the learned Trial Judge erred in refusing to appoint a court reporter under this statute.

Defendant assigns as error the action of the trial judge in refusing upon request a court reporter to be paid by the State, since Defendant was indigent; which refusal was in violation of Defendant's rights under the Fourteenth Amendment to the Constitution of the United States.

Counsel for defendant in support of his position cites the case of *Griffin v. State of Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891. In this case the Court held a State denies a constitutional right guaranteed by the Fourteenth Amendment, if the State allows all convicted defendants to have an adequate review, except those who cannot pay for the records of their trials. The Court also stated in this case as follows:

"We do not hold, however, that Illinois must purchase a stenographer's transcript in every case where a defendant cannot buy it. The Supreme Court may find other means of affording adequate and effective appellate review to indigent defendants."

■ This Court has long prior to the decision in the Griffin case (1956) heard criminal appeals on narrative

bill of exceptions; in fact as stated in *Beadle v. State,* 203 Tenn. 97, 310 S.W.2d 157, it is the preference of this Court to have such a bill of exceptions. Approximately twenty per cent of criminal appeals in this State are heard on narrative bill of exceptions, and this Court by the acceptance of this method has long afforded all defendants, indigent or not, a full and adequate appellate review. The Supreme Court of the United States has approved a narrative bill of exceptions. *Miller v. United States,* 317 U.S. 192, 63 S.Ct. 187, 87, L.Ed. 179.

█ Counsel for Defendant in his motion for a copy of the transcript made after the jury verdict stated:

"(2) That there were many objections made as to the admissibility of certain types of evidence that was important in this case and that these objections were of such a technical nature that it is impossible to set them out in the narrative form; that these rulings were prejudicial to the Defendant.

"(3) That there are many errors in the District Attorney's argument that will show he argued facts that were not in evidence, and

"(4) That the evidence as reviewed in full will be contrary to the verdict of the Jury and preponderate in favor of the Defendant's innocence."

The substance of Defendant's position is that due to the nature of the errors a narrative bill of exceptions would not be adequate for an effective appellate review. The record filed in this Court does not show the nature of the evidence objected to; the substance of the facts

argued by the District Attorney General outside the record; nor what evidence would be persuasive of Defendant's innocence.

Defendant was represented by able Counsel of his own choice. We do not think it would be unreasonable, nor a violation of Defendant's Constitutional rights to require him through his Counsel to prepare a narrative bill of exceptions showing the nature of the evidence to which objections of a technical nature were made; the substance of the District Attorney General's argument outside the record; and the substance of the evidence persuasive of defendant's innocence. The record in this cause does not affirmatively show such a narrative bill of exceptions could not have been prepared, and such being the case it shows no ground for a reversal.

The judgment of the trial court is affirmed.