**William (Billy) McCOY, Petitioner-Appellant,**

v.

**Lynn BOMAR, Warden, Tennessee State Penitentiary, Respondent-Appellee.**

**No. 15589.**

United States Court of Appeals
Sixth Circuit.

July 9, 1964.

Paul H. Tobias, Cincinnati, Ohio, for appellant.

Henry C. Foutch, Asst. Atty. Gen., Nashville, Tenn., George F. McCanless, Atty. Gen., of counsel, for appellee.

Before PHILLIPS and EDWARDS, Circuit Judges, and FOX, District Judge.

PER CURIAM.

The appellant in this case filed a petition for a writ of habeas corpus in the United States District Court for Nashville, Tennessee, on April 15, 1963, to obtain release from the custody of appellee Lynn Bomar, Warden of the Tennessee State Penitentiary, and to have the conviction and judgment against him in the Criminal Court of Anderson County at Clinton, Tennessee, declared a nullity.

District Court hearings were held on July 5, 1963, and again on July 31, 1963. In a from-the-bench opinion on July 31, 1963, the District Judge made findings of fact and conclusions of law to the effect that appellant was represented by his own attorney at the trial of his case in the Criminal Court of Anderson County, Clinton, Tennessee, and that his attorney, Mr. Leo W. Grant, Jr., continued with the defendant "right on up through the time that sentence was imposed according to the clearest preponderance of evidence in the case."

"All of the court officers—the clerk, the deputy sheriff, the assistant attorney general, persons who

---

were present—testified that Grant was present representing this man at the time of sentencing, and continued to represent him.

"There was nothing to indicate that he was an indigent or that he needed the services of additional counsel.

"There is nothing in this case to show that there was any failure on the part of the state court to give this man a fair trial or to recognize all of his procedural rights—all of his rights to due process of law.

"I am of the opinion, and find and hold that the petitioner has just simply failed to prove any case whatsoever—any case which would warrant this Court in issuing a writ of habeas corpus to effect his release." (Tr. 61.)

\* \* \* \* \* \*

"This man was given a fair trial. He had adequate representation of counsel. It is just a case where the decision was reached that no appeal should be taken. It is not a case for an appeal. Certainly a man has a right to decide that he does not want to appeal, to go any further if he wants to do so; and that is what was done in this case in my opinion. He was ready to go ahead and begin service of his sentence. He had a trial before a jury, was found guilty, and was sentenced; and he decided to go no further with it, and he dropped it." (Tr. 62.)

This finding is supported by the record in this case. Defendant's court-appointed attorney at the hearing in the District Court stipulated to the admission of a letter from Leo W. Grant, Jr., dated June 13, 1963 (Tr. 56, 57; Exhibit B attached to defendant's answer), which sets forth with particularity the fact that defendant was not indigent at the time of trial, that Grant was a paid counsel, as well as the reasons why defendant and his attorney reached the judgment there was no error in the trial and no basis for appeal.

Defendant under the charge could have been sentenced to death. His attorney, Leo W. Grant, concentrated his efforts upon obtaining leniency instead of the death penalty. He was sentenced to twenty-one years in the Penitentiary. The charge in the first instance was murder in the first degree.

The record substantially supports the finding of the District Court and there is no basis upon which a writ of habeas corpus may be predicated, and the judgment of the District Court is sustained.