**Roy Lee SMARTT, Petitioner-Appellant,**

v.

**Lynn BOMAR, Warden, Respondent-Appellee.**

**No. 15832.**

United States Court of Appeals Sixth Circuit.

Jan. 26, 1965.

**594**

Robert L. Seaver, Cincinnati, Ohio (court appointed), Taft, Stettinius & Hollister, Cincinnati, Ohio, on the brief), for appellant.

Henry C. Foutch, Asst. Atty. Gen., Nashville, Tenn. (George F. McCanless, Atty. Gen., State of Tennessee, Nashville, Tenn., of counsel), for appellee.

Before MILLER, O'SULLIVAN and PHILLIPS, Circuit Judges.

PER CURIAM.

Petitioner-appellant, Roy Lee Smartt, is a prisoner of the State of Tennessee. He is confined under a fifteen year sentence which followed his conviction by a jury of robbery with a deadly weapon. In his trial in the Criminal Court of Shelby County, he was represented by privately employed counsel. Smartt is also serving a five year concurrent sentence imposed following his plea of guilty to a separate offense of robbery with a deadly weapon. He appeals from dismissal of his habeas corpus petition to the United States District Court for the Middle District of Tennessee. Counsel was appointed to assist him in such habeas corpus proceeding and two hearings were had thereon, at each of which petitioner was present in person and by counsel.

■ The District Court memorandum filed January 30, 1964, directing the dismissal of Smartt's petition adequately sets forth his claims and correctly disposes of them. We add our comment on one point. Smartt asserts that his constitutional rights were infringed by the state trial judge's failure to appoint counsel to process an appeal on his behalf. He relies on Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); and Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). His situation does not fit the rule of those cases.

After Smartt's conviction, his counsel moved for a new trial, which was denied. Smartt's opportunity to appeal was then protected by his counsel's praying for and being granted an appeal on Smartt's behalf. Tenn. Code Anno. § 27–111 allowed Smartt 30 days to file a bill of exceptions to implement an appeal, or within said 30 days to obtain an extension of time for such filing. Smartt's counsel had been retained only for the trial, and recommended to him that an attorney be employed to prepare and file a bill of exceptions, and to prosecute the appeal. No attorney was employed and the time for filing a bill of exceptions went by. In the other cause then pending against Smartt—the cause in which he ultimately received a five year sentence upon his plea of guilty—his retained counsel was

given leave to withdraw as such upon representation that Smartt had not paid attorney fees owed and was uncooperative, and he was thereafter represented by the Public Defender.

In the case which had been tried to a jury, the technical record—the record without a bill of exceptions—was forwarded to the Supreme Court of Tennessee and Smartt's conviction was there affirmed. A bill of exceptions would have been necessary to expose error of the sort claimed in Smartt's conviction. He contends that the Tennessee trial judge should have appointed counsel to perfect and carry on his appeal. No request therefor was made by Smartt. Neither was the trial court informed of Smartt's indigency, if such was the fact. Smartt, although given the opportunity to testify at the hearing in the District Court, gave no evidence that the trial or appellate courts were in any way apprised of his indigency. He contends, however, that the state trial judge should have assumed such from his dispute over fees with his own retained counsel and should have appointed counsel for him sua sponte. We find no merit in this contention. See State ex rel. Dych v. Bomar, 213 Tenn. 699, 378 S.W.2d 772 (1964); Horton v. Bomar, 335 F.2d 583 (CA 6, 1964); McCoy v. Bomar, 333 F.2d 959 (CA 6, 1964); cf. Polk v. Bomar, 336 F.2d 330 (CA 6, 1964). The principle stated in Carnley v. Cochran, 369 U.S. 506, 513, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962), that counsel must be provided where constitutionally required regardless of whether the defendant so requests, does not apply where the defendant has been represented throughout the trial by retained counsel and there is no indication that he is unable, rather than unwilling, to pay counsel fees.

We express appreciation for the capable services rendered by Robert L. Seaver, of the Cincinnati Bar, appointed by us to present Smartt's appeal to this Court.

Judgment affirmed.