LEONARD SCRUGGS, Plaintiff in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

(*Knoxville,* September Term, 1965).

Opinion filed June 3, 1966.

WILLIAM T. UNDERWOOD, JR., Chattanooga, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, and EDGAR P. CALHOUN, Assistant Attorney General, for the State. EDWARD E. DAVIS, District Attorney General, Chattanooga, prosecuted case for the State in trial court.

MR. JUSTICE DYER delivered the opinion of the Court.

Leonard Scruggs, hereinafter referred to as defendant, appeals from a conviction of assault and battery with intent to rape.

Mrs. Helen Farmer, a practical nurse employed by Erlinger Hospital in Hamilton County, was attacked on the night of 21 February 1965 about 10:30 P.M. as she was about to get on an elevator in the hospital to go to work. Her attacker pulled her into a stair well near the elevator slashing her repeatedly with a knife and telling her he was going to have sexual intercourse with her. During this struggle Mrs. Farmer managed to kick her attacker in the groin causing him to turn her loose and leave. Mrs. Farmer summoned help and, in an apparent hysterical condition, was taken to the emergency room. She was found to be suffering several stab wounds and

her clothing was cut and torn. Several days later in a police lineup Mrs. Farmer identified defendant as her attacker.

Defendant denied the crime relying on the defense of alibi. The assignment of errors are as follows:

1. That the court erred in not granting the plaintiff in error a new trial since the evidence preponderates against the verdict and in favor of his innocence.

2. That the court erred in not granting a new trial based on plaintiff in error attempt to produce new evidence.

3. That the court erred, when on the last day for appeal, the court revoked his bond, declared him a pauper and would not order the State of Tennessee to pay for the record of his trial.

The well settled rule in this State is that the verdict of the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State. Such verdict also removes the presumption of the innocence of the accused and raises a presumption of the guilt, and puts upon him, here, the burden of showing the evidence preponderates against the verdict and in favor of his innocence. *McBee v. State,* 213 Tenn. 15, 372 S.W.2d 173; *Cooper v. State,* 123 Tenn. 37, 138 S.W. 826. The first assignment of error is overruled.

Paul Dukes, a witness for defendant, testified he and a man named Massengale went into the emergency room while Mrs. Farmer was there and she identified Massengale as the man who attacked her. Mrs. Farmer, on rebuttal, denied making such identification. The testi-

480

mony produced upon the motion for a new trial was upon this point. This evidence offered as new evidence is at best cumulative. The second assignment of error is overruled.

Defendant, at the time of his trial and here on appeal, has been represented by counsel of his choice. Defendant was allowed 90 days to prepare and file his bill of exceptions and during this time was free on bond having paid $300.00 to a commercial bondsman to make his bond. During this time defendant's counsel urged him to obtain the $200.00 to $250.00 necessary to pay the court reporter but without success. On the day before the final day of the ninety day period defendant's counsel advised the trial judge of the situation. The trial judge ordering defendant brought into court questioned him in regard to his failure to obtain the trial transcript. The trial judge found defendant indigent and revoking his bond had the narrative bill of exceptions prepared now before this court.

The argument under the third assignment of error is that the trial judge, having found defendant indigent, should have ordered a transcript at the expense of the State of Tennessee. First, there is no claim the narrative bill of exceptions filed here in any way prejudices the defendant. This court has long approved and preferred narrative bill of exceptions. *Tucker v. State,* 210 Tenn. 646, 361 S.W.2d 494. Second, a defendant is required to timely notify the trial court of his indigence. *State, ex rel. Dych v. Bomar,* 213 Tenn. 699, 704, 378 S.W.2d 772. The third assignment of error is overruled.

Judgment affirmed.

BURNETT, CHIEF JUSTICE, and WHITE, CHATTIN and CRESON, JUSTICES, concur.