EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* URBANO SÁNCHEZ VEGA, c/p PAPOLO, acusado y apelante.

*Número:* CR-63-381      *Resuelto:* 15 de febrero de 1968

*Santos P. Amadeo,* abogado del apelante; *J. F. Rodríguez Rivera, Procurador General Interino, y Lolita Miranda, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

En 13 de mayo de 1963 Urbano Sánchez Vega fue convicto de incendio malicioso en primer grado y sentenciado a cumplir una pena indeterminada de diez a quince años de presidio. Apeló por derecho propio.[1]

El expediente de apelación se abrió con la radicación de una moción preparada por el apelante personalmente solicitando se le fijara fianza para permanecer en libertad mientras se tramitaba el recurso. En 16 de enero de 1964 una Sala de este Tribunal declaró sin lugar dicha moción una vez "examinada cuidadosamente la transcripción de evidencia . . . y las demás constancias en autos, especialmente la evidencia fotográfica y la confesión del acusado admitida por el tribunal de instancia . . . ." Ya para esta fecha el apelante había radicado su alegato en el cual señalaba y discutía varios errores. Una vez presentado el alegato de réplica por el Procurador General consideramos los planteamientos y emitimos en 5 de junio de 1964 una opinión *per curiam* confirmando la sentencia apelada.[2]

---

[1] Aparece de los autos originales que el apelante fue asistido por el Lic. Víctor Velasco Gordils de la Sociedad de Asistencia Legal en el incidente sobre la aprobación de la transcripción de evidencia y por el Lic. Luis Torres Bonet en una moción sobre fijación de fianza en apelación.

[2] Transcribimos la opinión *per curiam* emitida en 5 de junio de 1964 por no haber sido publicada en el volumen correspondiente de las Decisiones de Puerto Rico.

"*Per Curiam:* El fiscal formuló acusación contra Urbano Sánchez Vega por el delito de incendio malicioso en primer grado, 33 L.P.R.A. sec. 1568, consistente en que maliciosamente pegó fuego a un edificio habi-

720

En 1 de mayo de 1967 Sánchez Vega, representado por el Lic. Santos P. Amadeo, presentó una moción de naturaleza de *coram nobis* (³) en la cual alega que tratándose de un apelante indigente—había sido defendido por la Sociedad

tado durante las horas de la noche. El jurado que sirvió en el proceso rindió veredicto de culpabilidad 'con clemencia' y se le sentenció a cumplir una pena indeterminada de 10 a 15 años de presidio.

La prueba de cargo consistió en la confesión escrita del acusado prestada ante el Juez de Paz de Guaynabo y en cierta evidencia circunstancial para establecer que éste había tenido un disgusto el día anterior a los hechos que se le imputan con el dueño de la morada incendiada, que luego había comprado un galón de gasolina, y que el recipiente que contenía este líquido inflamable fue encontrado en las inmediaciones de la casa del apelante. Además se admitieron en evidencia varias fotografías que demuestran el daño ocasionado por el incendio. Creída esta evidencia como lo fue, es suficiente para sostener la convicción. *Pueblo* v. *Palóu*, 80 D.P.R. 364 (1958); *Pueblo* v. *Pérez*, 35 D.P.R. 1038 (1926). Tampoco es necesario establecer que el edificio siniestrado fue consumido por el incendio; bastaba con que se hubiese pegado el fuego de modo que prendiera cualquier parte del material del mismo Art. 402 del Código Penal, 33 L.P.R.A. sec. 1565; *Pueblo* v. *Palóu*, supra; *Pueblo* v. *Valentín*, 75 D.P.R. 836 (1954).

Arguye el apelante que la convicción debe dejarse sin efecto en vista de que fue arrestado ilegalmente. El récord revela que la tarde anterior al incendio Sánchez Vega se presentó a la casa del perjudicado, portando un machete, y allí profirió amenazas y provocó a éste y a sus familiares. Con motivo de estos hechos se expidió una orden de arresto en su contra por los delitos de acometimiento y agresión grave, portación de armas y alteración a la paz, todos de carácter menos grave. Esta orden fue diligenciada de noche por miembros de la policía, (escolio 1: Véase el art. 120 del Código de Enjuiciamiento Criminal, ed. 1937, 34 L.P.R.A. sec. 247, en relación con la Regla 10 de las de Procedimiento Criminal de 1963.) quienes en el mismo acto le detuvieron para investigación en relación con el incendio perpetrado dos horas antes. Como se verá, el arresto practicado no tuvo relación alguna con el delito de incendio malicioso, pero, aunque así hubiese sido, ello no frustraría la celebración del proceso. La única consecuencia de la ilegalidad del arresto es que la evidencia obtenida a virtud del mismo sería inadmisible si así se solicita oportunamente antes o durante el juicio, *Pueblo* v. *Bonilla*, 78 D.P.R. 152 (1955). En este caso no se presentó evidencia alguna que fuera obtenida en ocasión del arresto.

Por último, se ataca la admisibilidad de la confesión prestada alegándose que fue involuntaria, lograda mediante coacción y temor, y luego de un arresto ilegal. Nada hay en los autos para sustanciar los vicios que se apuntan. *Pueblo* v. *Fournier*, 77 D.P.R. 222, 256 (1954)."

(³) Para la fecha en que se presentó la moción no estaba vigente la Regla 192.1 de las de Procedimiento Criminal incorporada por la Ley

de Asistencia Legal y se había ordenado la preparación del récord taquigráfico "libre del pago de honorarios por ser el acusado insolvente" (T.A. pág. 62)—y no habiendo estado asistido por abogado en el trámite apelativo, procedía dejar sin efecto nuestra sentencia de 5 de junio de 1964. Invocó la doctrina expuesta unos días antes por el Tribunal Supremo federal en *Swenson* v. *Bosler*, 386 U.S. 258 (resuelto en 13 de marzo de 1967), que ratificó y amplió la establecida en *Douglas* v. *California*, 372 U.S. 353 (1963). Dimos traslado de la moción al Procurador General para que informara sobre los méritos de la misma.

En *Douglas* v. *California*, supra, los peticionarios habían sido convictos de varios delitos graves tras la celebración de proceso en que estuvieron representados por un defensor público. Para el recurso de apelación que entablaron solicitaron y les fue negada la asistencia de abogado, previo examen por el tribunal de apelación del récord y la determinación de que "ningún buen propósito se lograría con la designación de abogado." Sostúvose que cuando se trata del único recurso de apelación de que como derecho dispone el convicto, constituye un discrimen contra los indigentes, y, por tanto, contrario a normas constitucionales, el privarle de asistencia de abogado en el trámite apelativo. Indicóse además que esta omisión no se curaba con el examen del récord que hacía el tribunal ya que el convicto tenía el derecho a hacer los planteamientos que estimara procedentes y a sostenerlos con la exposición del derecho que creyere aplicable. *Swenson* v. *Bosler*, supra, explicó y amplió la anterior

Núm. 99 de 2 de junio de 1967 (Leyes, pág. 338), relativa a los remedios posteriores a la convicción.

Se encuentra también pendiente ante este Tribunal un recurso de apelación interpuesto por Sánchez Vega contra la sentencia dictada por el Tribunal Superior, Sala de San Juan, en 13 de febrero de 1967, declarando sin lugar una solicitud de hábeas corpus en que se ataca colateralmente la sentencia impuesta a Sánchez Vega. El único planteamiento en este recurso se refiere a la supuesta negativa del tribunal sentenciador a ordenar la citación de unos testigos de defensa.

doctrina, al sostener que cuando aparece claro el deseo de un convicto insolvente de utilizar el derecho de apelación que se le concede estatutariamente y de proseguir con el recurso, no puede inferirse una renuncia a su derecho a que le asista abogado durante el trámite apelativo por el mero hecho de que expresamente no solicite tal designación. [4]

Como se indica en *Pueblo* v. *López Rivera*, 89 D.P.R. 791 (1964), este Tribunal ha estado siempre atento a proveer asistencia legal a apelantes indigentes. [5] Originalmente, designaba a miembros del foro; luego, a la Sociedad de Asistencia Legal. Recientemente, para estatuir esta saludable norma y lograr una aplicación uniforme adoptamos la Regla 12.2 de las de Administración del Tribunal de Primera Instancia, vigente desde el 3 de mayo de 1966. Dicha regla lee:

*"Regla 12.2. Asistencia de abogado en el Tribunal Superior para el perfeccionamiento de la apelación*

(a) Cuando un acusado fuere representado durante el juicio ante el Tribunal Superior por un abogado de la Sociedad para Asistencia Legal y, convicto que fuere, apelare de la sentencia para ante el Tribunal Supremo, será deber del abogado que firme el escrito de apelación o del abogado que para ello designe la Sociedad para Asistencia Legal asistir a dicho apelante en el trámite apelativo hasta perfeccionar el recurso, a menos que para la tramitación del recurso de apelación el apelante obtu-

---

[4] Véanse, *Smartt* v. *Bomar*, 340 F.2d 593 (6th Cir. 1965); *Horton* v. *Bomar*, 230 F.Supp. 271 (Tenn. 1964) y notas en 51 Calif. L. Rev. 970 (1963) y 77 Harv. L. Rev. 105 (1963).

[5] Véanse, *Ex parte Rodríguez*, 55 D.P.R. 415 (1939), sobre designación de abogado en causas menos graves; *Capeles* v. *Jefe Penitenciaría*, 83 D.P.R. 694 (1961), en recursos de hábeas corpus ante los tribunales de instancia; las Reglas 23a (vista preliminar), 57 (lectura de la acusación), 159 (procedimiento ante el Tribunal de Distrito), 192.1(b) (procedimientos posteriores a la convicción). Igualmente ha sido práctica de este Tribunal el designar abogado a los indigentes para los recursos que intentan ante el Tribunal Supremo federal, así como ordenar la preparación y traducción del récord correspondiente, Regla 21 del Reglamento del Tribunal.

viere los servicios de un abogado de su propia selección y se consigne este hecho en el récord.

Si el escrito de apelación fuere firmado por el acusado por su propio derecho y no por el abogado de la Sociedad para Asistencia Legal, será deber del Secretario del tribunal sentenciador informar prontamente ese hecho al juez, y éste asegurará la representación legal del apelante durante la tramitación del recurso de apelación, ya sea nombrándole un abogado de la Sociedad para Asistencia Legal, si el apelante fuere insolvente, o incluyendo en el récord el nombre del abogado seleccionado por el' apelante y comprobando que dicho abogado asistirá al apelante en el recurso de apelación.

(b) Si el acusado fuere representado en el juicio por un abogado de su selección y, convicto que fuere, apelare de la sentencia por medio de su abogado, será deber de éste asistirle en el trámite apelativo hasta perfeccionar el recurso. En caso de que medie una renuncia de representación aprobada por el tribunal sentenciador, el juez tomará las medidas pertinentes para asegurarle representación legal al apelante a los fines del perfeccionamiento del recurso, ya sea nombrándole un abogado de la Sociedad para Asistencia Legal, si el apelante fuere insolvente, o incluyendo en el récord el nombre del abogado seleccionado por el apelante y comprobando que dicho abogado asistirá al apelante en el recurso de apelación.

Si habiendo sido representado en el juicio por un abogado de su selección, el acusado sentenciado apelare por derecho propio, será deber del secretario dar prontamente cuenta de ese hecho al juez y éste asegurará la representación legal del apelante durante la tramitación del recurso de apelación, ya sea nombrándole un abogado de la Sociedad para Asistencia Legal, si el apelante fuere insolvente, o incluyendo en el récord el nombre del abogado seleccionado por el apelante y comprobando que dicho abogado asistirá al apelante en el recurso de apelación."

Por alguna razón que no podemos determinar mediante un examen de los autos, a Sánchez Vega no se le designó abogado para que le asistiera en el recurso de apelación. El hecho de que sus planteamientos fueron considerados y se le diera escrupulosa atención a todas las circunstancias que rodearon la convicción, según se evidencia

de la opinión *per curiam* emitida, no obsta para que le reconozcamos su derecho a asistencia de abogado en apelación. No podemos convenir con el Procurador General en darle únicamente efecto prospectivo a la norma enunciada a partir de la fecha en que se resolvió *Swenson*. Como cuestión de realidad, en vista de la Regla 12.2 transcrita, esta situación no debe repetirse; y, por otro lado, no anticipamos que pueda entorpecerse o demorarse la administración de justicia ya que el efecto de la aplicación de la doctrina enunciada no es comenzar nuevamente con el proceso del acusado, sino solamente el concederle la oportunidad de que en el recurso ante nos tenga asistencia de abogado.[6] Cf. *Swenson* v. *Donnell*, 382 F.2d 248 (8th Cir. 1967).

*Por lo expuesto se dictará resolución dejando sin efecto la sentencia de confirmación dictada en 5 de junio de 1964, y se devolverán los autos al tribunal de instancia para que se actúe conforme a lo dispuesto en la Regla 12.2 de las de Administración del Tribunal de Primera Instancia.*

---

[6] Aun cuando el abogado designado para asistir al apelante entienda que el recurso carece de méritos, su obligación es, al comunicarlo así al tribunal, señalar aquellos puntos que pueden ser objeto de consideración y discusión. *Anders* v. *California*, 386 U.S. 738, 744–745 (1967).