Roy Lee SMARTT, Petitioner-Appellant,

v.

C. Murray HENDERSON, Warden, Tennessee State Penitentiary, Respondent-Appellee.

No. 18908.

United States Court of Appeals
Sixth Circuit.

May 15, 1969.

Roy Lee Smartt in pro. per.

James M. Tharpe, Sp. Counsel, State of Tennessee, Memphis, Tenn., for appellee.

Before McCREE and COMBS, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

Roy Lee Smartt, petitioner-appellant, appeals from an order of the United States District Court for the Western District of Tennessee denying his petition for a writ of habeas corpus. The appellant is serving a fifteen year sentence for armed robbery in the Tennessee penitentiary at Nashville.

Counsel for appellee filed a motion to dismiss the appeal under Rule 8(b) of the rules of this court for the reason that it is manifest that the questions on which the decision of the cause depends are so unsubstantial as to need no further argument. No reponse was filed to this motion on behalf of the appellant. The motion and the appeal were submitted to the court upon the record from the District Court without briefs or oral argument.

The appellant was given an evidentiary hearing in the Criminal Court of Shelby County, Tennessee on a petition for a writ of habeas corpus raising the same questions as are now before the court on this appeal. The petition was denied by the State Court judge and on appeal to the Supreme Court of Tennessee the State Court was .affirmed. The petition in this case was then filed in the District Court for the Middle ·District of Tennessee and was by that court transferred to the Western District. A transcript of the testimony on the evidentiary hearing before the State Court as well as other proceedings of that court were in the record before the district judge. The district judge denied the petition without a hearing.

We consider the case on the appeal rather than on the motion to dismiss. We have examined the record and read the transcript of the evidence on the hearing before the State Court as did the district judge. We find no merit to the claims of the appellant and affirm the judgment of the District Court upon the memorandum decision and order of Chief Judge Brown, copy of which is attached hereto as an appendix.

APPENDIX

MEMORANDUM DECISION AND ORDER DENYING RELIEF ON PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, Roy Lee Smartt, is serving a 15 year sentence for armed robbery in the Tennessee Penitentiary at Nashville. He was convicted of this offense by a jury in the Criminal Court of Shelby County, Tennessee (Memphis) in May, 1960, and the trial jury fixed such punishment.

Respondent has filed an answer to the petition, with exhibits. The answer outlines petitioner's prior sojourns into the State and Federal courts, and the exhibits support the correctness of this outline. (For additional litigation not mentioned, see: Smartt v. Avery, 370 F.2d 788 (6th Cir.1967)).

In this instant petition, petitioner alleges three separate grounds for relief:

1. That an involuntary confession was introduced in evidence at his criminal trial.

**408**

2. That he was not allowed to testify at his criminal trial.

3. That, due to his indigency, he was deprived of a proper direct appeal of his criminal conviction.

With respect to the third ground, this has heretofore been asserted in a habeas petition in the District Court of Nashville, was overruled, and the ruling was affirmed on appeal. Smartt v. Bomar, Warden, 340 F.2d 593 (6th Cir.1965).

An extended hearing was held on a prior habeas corpus petition in the Criminal Court of Shelby County, Tennessee on February 3, 1967. This application was denied and affirmed on appeal. The transcript of the record is attached as Exhibit 3 to respondent's answer to the instant petition.

■ It appears from that transcript that petitioner did not testify at his criminal trial, but that he failed to do so on advice of retained counsel, primarily because of his prior criminal record. (Tr. pp. 9, 36, 39). Accordingly, there is no basis for the second alleged ground.

■ With respect to the first alleged ground, the claimed involuntary confession, this same ground was asserted at the aforesaid State habeas proceeding. Having reviewed the transcript (Ex. 3 to respondent's answer), we are of the opinion that at that hearing petitioner's contention in this respect was adequately investigated and that therefore a further factual hearing on this question is not necessary or required.

■ At that hearing, petitioner's Court-appointed counsel put him on the stand and by questions developed all of his contentions relied upon. (Tr. beginning at p. 6). Petitioner testified (Tr. pp. 11–12), as he alleges here, that his wife and step-daughter were brought to the police station and that the police told him that if he did not sign the confession, action would be taken by the police against them. The retained lawyer who had represented petitioner at the criminal trial testified at this habeas hearing (Tr. 41–42) that he had never heard of this contention by petitioner until petitioner so testified at that habeas hearing. Certainly petitioner would have mentioned to his lawyer that his confession was forced if indeed it was. The police officer who took the statement testified (Tr. pp. 51–53) that petitioner was advised of his rights in such terms as were at that time sufficient, that petitioner freely indicated his willingness to make the statement, that the statement was then taken in the presence of McCreary, the victim, who had identified petitioner in a lineup. We therefore find and conclude that the statement or confession was freely, voluntarily, and intentionally made by petitioner.

It results that the petition will be denied and the action dismissed. It is so ordered.