JIMMY McGHEE, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

## 460 S.W.2d 875.

Court of Criminal Appeals of Tennessee. July 7, 1970.

On Rehearing Aug. 24, 1970.

Certiorari Denied by Supreme Court Oct. 19, 1970.

Louis E. Peiser, Irving S. Zeitlin, Memphis, for plaintiff in error.

David M. Pack, Atty. Gen., Bart Durham, Asst. Atty. Gen., Nashville, Arthur T. Bennett, Asst. Dist. Atty. Gen., Memphis, for defendant in error.

## OPINION

WALKER, Presiding Judge.

The defendant, Jimmy McGhee, and his brother, Lonnie Edward McGhee, were jointly indicted for the first degree murder of Larry Steve Daniels. On their trial his brother was acquitted, but the defendant was convicted of second degree murder and sentenced to ten years' im-

prisonment. From that conviction, he appeals to this court.

The deceased, Larry Steve Daniels, age 17, was killed by a stray shot fired by one of the participants in an altercation involving the defendant and a number of others. The state's proof showed that the defendant had a pistol and fired the fatal shot intended for one Fred McGlothin.

Earlier in the day McGlothin, age 23, had gone to a Memphis housing project known as Lemoyne Gardens and accused the defendant's mother, Mrs. Eloise McGhee, of interfering with his courtship of a girl who also lived in the housing project. In this encounter with Mrs. McGhee, he choked her and said he would return. Mrs. McGhee reported the incident to the defendant and other members of her family including the defendant who lived elsewhere in Memphis. They were present when McGlothin, with some of his friends, did return later.

McGlothin first represented himself as being someone else. When he was identified by the defendant's sister, the defendant struck him. McGlothin says that the defendant at this time had a gun in the other hand and fired about five times. McGlothin ran behind a post and then backed his car from the scene. One of the bullets fired in the argument struck and killed Daniels, who was not a participant in it and was at the most only a spectator.

The proof is in conflict as to those who had pistols on this occasion. The victim was killed by a pistol shot.

Both Fred McGlothin and his brother, Robert, say that the defendant shot at Fred McGlothin; they did not

see Lonnie McGhee with any weapon. Linda Faye Daniels, sister of the deceased, and Brenda Rogers both say that Lonnie McGhee had a long gun and the defendant a short one; that they both shot at McGlothin, who was attempting to escape.

The defendant testified that he did not have a pistol and did not fire one on that occasion; that as Fred McGlothin backed his car, he (the defendant) saw McGlothin pull a pistol from his waist and fire.

Lonnie McGhee testified that he heard a blow strike McGlothin; that within a second or two a shot rang out and those of the family outside the apartment rushed in and remained there on the floor.

Several defense witnesses testified that they did not see either the defendant or his brother with a weapon; that McGlothin had a shotgun in his automobile.

The defendant contends that the evidence was not sufficient to support the verdict. In considering and passing upon this assignment, this court is bound by the rule that a conviction will not be reversed on the facts unless it is shown by the defendant the evidence preponderates against the verdict and in favor of his innocence. Schweizer v. State, 217 Tenn. 569, 399 S.W.2d 743; Murphy v. State, 221 Tenn. 351, 426 S.W.2d 509. This he has not done.

A finding that the defendant killed the victim with a pistol raised a presumption that he was guilty of murder in the second degree. McClain v. State, Tenn. Crim.App., 445 S.W.2d 942.

The defendant claims that the court erred by

permitting the State to inquire of Lonnie McGee on cross-examination about an oral statement he made to the effect that he had no gun on the occasion but that the defendant did have one. He denied the statement and the court permitted an officer to testify in rebuttal for the purpose of impeachment. The court had declined to permit the introduction of this statement in the presentation of the State's case.

The defendant relies on Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476. The statement was hearsay as to the defendant. Lonnie McGhee was subject to cross-examination. This impeachment testimony was merely cumulative. The record is replete with other evidence and testimony to the same effect. See United States v. Levinson, 405 F.2d 971 (6th Cir., 1968); Davis v. State, Tenn.Crim.App., 445 S.W.2d 933; Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284. This assignment is overruled.

■ The defendant says he was denied a fair trial because it commenced on a Thursday and continued through Saturday with a day's rest on Sunday and resumed again Monday ending Monday night. The jury returned its verdict at 9:27 P.M.

The defendant did not object to this trial procedure. He cites no authorities to support the assignment and it is without merit.

■ This case is before us on a narrative bill of exceptions prepared by the defense and state counsel and approved by the trial judge. The defendant claims he was prejudiced by the State's failure to provide a verbatim transcript of the evidence.

The defendant was represented by retained counsel. His motion for a new trial was overruled June 30, 1969, and he was allowed ninety days to file his bill of exceptions. On July 28, 1969, he filed a petition to establish indigency for the purpose of obtaining a transcript without cost. The trial judge heard testimony on this question on August 5, 1969, and granted the petition.

On September 18, 1969, defense counsel notified the trial judge in open court that the court reporter had not begun the transcript and would be unable to furnish it within the time allowed. The court declined to grant a new trial on the basis of this information. Thereafter the narrative bill of exceptions was prepared and timely filed.

The narrative bill of exceptions before us has provided the defendant a full and adequate review. This method has the approval of our Supreme Court. See Tucker v. State, 210 Tenn. 646, 361 S.W.2d 494.

All assignments are overruled and the judgment of the lower court is affirmed.

HYDER and RUSSELL, JJ., concur.

## ON PETITION TO REHEAR

WALKER, Presiding Judge.

A petition to rehear has been filed in this case. It reargues the matters thoroughly argued by counsel and fully considered by us in reaching our original conclusion. The material issues discussed were fully dealt with in the original opinion of the court, to which we adhere. McBee v. State, 213 Tenn. 15, 372 S.W.2d 173.

██ The defendant has also filed a petition for reduction of bail. He suggests that a minimum bond would be appropriate and that it should not be increased after this court affirmed his conviction. We think the bond of $7000 is proper and this application is denied.

HYDER and RUSSELL, JJ., concur.