**Junior Willie STEVENS, Petitioner,**

v.

**Dr. P. J. CICCONE, Respondent.**

**No. 19149-1.**

United States District Court,
W. D. Missouri, W. D.

April 1, 1971.

Junior Willie Stevens, pro se.

Bert C. Hurn, U. S. Atty., Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., for respondent.

MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

I.

Petitioner, a prisoner in the Medical Center for Federal Prisoners, has filed a petition for habeas corpus in which he contends that he is presently entitled to release from confinement. Paragraph 4 of the petition alleges that petitioner was sentenced on March 21, 1967, to a term of 4 years imprisonment for violation of the Dyer Act, 18 U.S.C. § 2312. In addition, the petitioner was on December 18, 1969, sentenced to a term of 30 days imprisonment (to be served consecutive to the earlier sentence) for the offense of escape from federal custody, 18 U.S.C. § 751(a) (Respondent's Exhibit No. 2). The petitioner further alleges that on April 8, 1970, he was released from federal confinement in accordance with 18 U.S.C. § 4164 (Petition, ¶ 9). On June 19, 1970, the United States Board of Parole issued a warrant for the petitioner's arrest (Petition, ¶ 9, Respondent's Exhibit No. 3). The petitioner was arrested on January 14, 1971, and was returned to confinement at the Medical Center for Federal Prisoners on January 28, 1971 (Petition, ¶ 9).

As his sole ground for habeas corpus relief the petitioner contends that 18 U.S.C. § 4164 is unconstitutional as applied to him because it has caused a loss of the statutory good time which he had earned prior to his release (Petition, ¶¶ 9, 10). The challenged statute and its companion statute, 18 U.S.C. § 4163, provide in pertinent part:

> § *4163 Discharge*
>
> Except as hereinafter provided a prisoner shall be released at the expiration of his term of sentence less the time deducted for good conduct.
>
> \*   \*   \*   \*   \*   \*
>
> § *4164 Released prisoner as parolee*
>
> A prisoner having served his term or terms less good-time deductions shall,

upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days.

■ In Wegman v. United States Board of Parole, (unreported) (Nos. 17537–1 and 17639–1, W.D.Mo., September 18, 1969) we rejected a claim similar to the petitioner's on the authority of Hedrick v. Steele, 187 F.2d 261 (8th Cir., 1951), where the Court of Appeals held that a prisoner

> is not entitled to have the time he was at liberty on conditional release or parole treated as time served on his sentence where there has been a violation of the terms of the conditional release or parole. *Nor is he entitled to have the "good time" earned while he was serving his sentence prior to parole treated as time served on his sentence, when he subsequently violated that parole.* [Emphasis supplied]. (187 F.2d at pp. 262–263).

More recently, in Williams v. Ciccone, 415 F.2d 331, 332–333 (8th Cir., 1969), the Court of Appeals reaffirmed *Hedrick*, holding that one who is retaken pursuant to a warrant issued by the Board of Parole is subject to

> "having all of his previously earned good time forfeited; and being required to take up the prison-service of his sentence at the point where this had been left off when he was conditionally released." [Sprouse v. Settle, 274 F.2d 681, 683–684 (8th Cir., 1960)]. To the same effect are Douglas v. Sigler, 386 F.2d 684, 686 (8th Cir., 1967); Morneau v. United States Board of Parole, 231 F.2d 829 (8th Cir., 1956), cert. denied 351 U.S. 972, 76 S.Ct. 1037, 100 L.Ed. 1490; Robinson v. Willingham, 369 F.2d 688 (10th Cir., 1966); Taylor v. United States Marshal, 352 F.2d 232 (10th Cir., 1965); Humphrey v. Wilson, 281 F. Supp. 937, 942 (W.D.Mo., 1968).

The constitutionality of 18 U.S.C. § 4164 has been specifically upheld. See Chief Judge Becker's opinion in Gregory v. United States Board of Parole, 308 F. Supp. 258 (W.D.Mo., 1969), and the cases discussed at p. 261 as well as this Court's unreported opinion in *Wegman*.

## II.

A forfeiture of "earned good time" pursuant to 18 U.S.C. § 4165 is not an absolute and irrevocable forfeiture. Section 4166 provides that "the Attorney General may restore any forfeited or lost good time or such portion thereof as he deems proper upon recommendation of the Director of the Bureau of Prisons."

■ It is clear, however, that the petitioner cannot litigate the question of whether his "lost good time" or any portion thereof should be restored until he has made an appropriate application to the Director of the Bureau of Prisons for a recommendation to be made to the Attorney General pursuant to Section 4166.

In other words, the petitioner must exhaust his administrative remedies before applying for judicial relief. See Gilchrist v. United States, 427 F.2d 1132, at p. 1133 (5th Cir., 1970) where it was stated:

> Before a prisoner can avail himself of judicial review for loss of good time, he must first exhaust his administrative remedies by applying to the Director of the Bureau of Prisons for a recommendation to restore his forfeited good time, which is subject to being restored by the Attorney General on that recommendation, 18 U.S.C.A. § 4166, Smoake v. Willingham, 10 Cir., 1966, 359 F.2d 386; Lloyd v. Heritage, 199 F.Supp. 46, N.D.Ga., 1961; Lynch v. United States, 5th Cir., 1969, 414 F.2d 281.

The record in this case does not indicate that the petitioner has either sought the recommendation of the Director of the Bureau of Prisons or appealed the forfeiture of his good time to the Attorney General. Petitioner has not alleged or shown that he has exhausted his administrative remedies. It is therefore apparent that this Court may not prop-

erly exercise jurisdiction in regard to that question.

Accordingly, and for the reasons stated, it is

Ordered that the petition for writ of habeas corpus filed herein should be, and the same is hereby, dismissed.