**Kenneth QUARLS, Petitioner,**

v.

**STATE OF MISSOURI, Respondent.**

**No. 19962–4.**

United States District Court,
W. D. Missouri, W. D.

Feb. 10, 1972.

Kenneth Quarls, pro se.

Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, Mo., for defendant.

### MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

ELMO B. HUNTER, District Judge.

Petitioner, a convicted state prisoner who is currently confined in the Fordland Honor Camp at Fordland, Missouri, has filed in forma pauperis a pleading styled "Petition For Injunction Relief Under 28 U.S.C., Sec. 1343(3) and 42 U.S.C. Sec. 1983" by which he seeks to obtain the restoration of certain "good time" credit earned prior to the revocation of petitioner's parole. Leave to proceed in forma pauperis was granted by the Court in the order to show cause entered on January 7, 1972.

On January 14, 1969, petitioner was sentenced by the Circuit Court of the City of St. Louis, Missouri to a term of five years imprisonment following petitioner's plea of guilty to charges of first degree robbery. After having served approximately eleven months in the Fordland Honor Camp, petitioner was released by the Missouri Department of Probation and Parole on parole. However, on August 8, 1970, petitioner was returned to the Missouri State Penitentiary following a violation of the conditions of his parole. Upon the revocation of parole, petitioner's previously-earned "good time" and "blood time" was forfeited. This forfeiture of his "good time" and "blood time" credit is the basis of petitioner's present application for relief in this Court.

Initially, there arises certain questions concerning the form of petitioner's action and the applicability of the doctrine of exhaustion of state remedies to petitioner's claims. Petitioner apparently desires to raise his contentions under the provisions of 42 U.S.C. § 1983, the Civil Rights Act, by requesting equitable relief to require the proper Missouri authorities to credit petitioner with the claimed "good time" credits.

However, issues concerning a prisoner's alleged right to earned "good time" credits properly are cognizable through habeas corpus proceedings. Hughes v. Burke, 334 F.2d 795, 796–797 (7th Cir. 1964); Carroll v. Squier, 136 F.2d 571, 573 (9th Cir. 1943), cert. den. 320 U.S. 793, 64 S.Ct. 202, 88 L.Ed. 478 (1943); Douglas v. King, Warden, 110 F.2d 911, 913 (8th Cir. 1940); Petition of Baptista, 206 F.Supp. 288, 290 (W.D.Mo.1962). Thus, prior to submitting his petition for relief, petitioner must, in the absence of exceptional circumstances, exhaust all currently available state remedies with regard to the issues he seeks to present to the federal courts. Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). And, petitioner should not be entitled to circumvent the requirements of exhaustion of state remedies by presenting his contentions in the form of an equitable pleading under the Civil Rights Act when the relief requested is properly raised by means of a petition for writ of habeas corpus. See: Gaito v. Ellenbogen, 425 F.2d 845 (3rd Cir. 1970); Smartt v. Henderson, 411 F.2d 406 (6th Cir. 1969); Carpenter v. Oldham, 314 F.Supp. 1350 (W.D.Mo. 1970). Since petitioner affirmatively alleges that he has not sought any relief in the state courts with regard to his present contentions, his pleading in this Court is premature.

▪▪▪ Further, even assuming *arguendo* that petitioner is currently entitled to raise his contentions in this Court through a complaint under the provisions of the Civil Rights Act, this proceeding should be dismissed because petitioner's averments do not reveal a denial of a federally-protected right. The forfeiture of previously earned "good time" credits following the revocation of a convicted person's parole is not violative of federally-secured rights, but rather comports with current federal standards. Williams v. Ciccone, 293 F.Supp. 271, 273 (W.D.Mo.1968), aff'd 415 F.2d 331 (8th Cir. 1969); Blanchard v. United States, 433 F.2d 13 (5th Cir.

1970), cert. den. 401 U.S. 959, 91 S.Ct. 989, 28 L.Ed.2d 244 (1970); Smith v. Attorney General of United States, 420 F.2d 488 (5th Cir. 1969); Leyvas v. Harris, 428 F.2d 366 (7th Cir. 1970); Desmond v. United States Board of Parole, 397 F.2d 386, 391–392 (1st Cir. 1968), cert. den. 393 U.S. 919, 89 S.Ct. 249, 21 L.Ed.2d 206 (1968); Tippitt v. United States Board of Parole, 446 F.2d 26 (6th Cir. 1971); Phillips v. United States Board of Parole, 122 U.S.App.D.C. 235, 352 F.2d 711, 713 (1965); Frierson v. Rogers, 289 F.2d 234, 235 (5th Cir. 1961); Hedrick v. Steele, 187 F.2d 261, 263 (8th Cir. 1951); Stevens v. Ciccone, 324 F.Supp. 97 (W.D.Mo.1971); Plymale v. Coiner, 302 F.Supp. 1272, 1274 (N.D.W.Va.1969); and United States ex rel. Ostin v. Warden, Federal Detention Headquarters, 296 F.Supp. 1135, 1136 (S.D.N.Y.1969), and cases cited therein. Further, the Court is advised that, under Missouri practice, state prisoners are not afforded "good time" or "blood time" credits by statute. Rather, under the provisions of Mo.Rev. Stat. §, 552.070 (1969), the Governor of the State of Missouri is granted the plenary power to grant reprieves, commutations and pardons for conviction for virtually all state offenses. And, under the provisions of Section 552.070, the Missouri Department of Corrections acts as an informal board of inquiry to "gather information, whether or not admissible in a court of law, bearing upon whether or not a person condemned to death should be executed or reprieved or pardoned, or whether the person's sentence should be commuted." "Good time" or "Blood time" credit is used by that board of inquiry as an objective standard in advising the Governor as to whether a state prisoner merits appropriate relief under his statutory power. Finally, as to petitioner's contention that he was entitled to a hearing prior to the forfeiture of his "good time" and "blood time" credit, it appears that petitioner was afforded a hearing upon the revocation of his state parole and was informed that these cred-

**1028**

its would be forfeited. This action more than fulfilled any constitutional obligation of the Missouri authorities concerning the forfeiture of petitioner's previously earned "good time" or "blood time" credits. See: Morrissey v. Brewer, 443 F.2d 942 (8th Cir. en banc 1971).

Accordingly, for the reasons stated above, the petition for writ of habeas corpus is hereby denied.

It is so ordered.