Donald J. LaREAU

v.

**Richard WESOWICZ, Warden, Community Correctional Center, Hartford.**

**Civ. No. H–74–295.**

United States District Court, D. Connecticut.

Sept. 25, 1974.

**220**

Donald J. LaReau, pro se.

## MEMORANDUM OF DECISION ON PETITION FOR A WRIT OF HABEAS CORPUS

BLUMENFELD, District Judge.

This is another in a series of many pro se actions brought to this Court over the past several years by Donald J. La-Reau, who is currently incarcerated at the State Correctional Institution in Somers, Connecticut, and challenges the alleged denial of 12 days of jail time credit to which he asserts he is entitled under Conn.Gen.Stats.Ann. § 18–98 (Supp.1974).[1]

In his application petitioner alleges that on April 11, 1974 he was arraigned in state court on criminal charges based on conduct committed while on parole from Somers under a sentence he was serving there. He alleges that he was unable to post bond and was therefore ordered held in custody at the Community Correctional Center in Hartford. On April 16, 1974, he was served with notice of a parole violation detainer and was informed that despite the pendency of the new criminal charges a revocation hearing would be granted once he posted bond to secure his release on those charges. On June 12, 1974, in an effort to expedite the revocation hearing, he posted bond, but was not released from custody because of the outstanding parole violator warrant. On June 25, 1974, he was sentenced in state court on the criminal charges which had led to his arrest to two 6-month sentences to be served concurrently. Presumably, at some time thereafter his parole was also revoked. He has since been returned to the custody of the Connecticut Correctional Institution in Somers.

Mr. LaReau alleges that he was credited with 64 days of jail time on his 6-month sentences covering the period from April 11 through June 12 during which time he was unable to post bond. However, he alleges that he was denied credit on those sentences for the 12 days following the posting of bond when he was being held solely for violation of parole. He alleges that this denial violated Conn.Gen.Stats.Ann. § 18–98 (Supp. 1974).

1. Section 18–98 provides:
   "Any person who has been denied bail or who has been unable to obtain bail and who is subsequently imprisoned is entitled to commutation of his sentence by the number of days which he spent in a community correctional center from the time he was denied or was unable to obtain bail to the time he was so imprisoned. The commissioner of correction shall, if such person has conformed to the rules of the institution, credit such person with the number of days to which the supervising officer of the correctional center where such person was confined while awaiting trial certifies such person was confined between the denial of bail to him or his inability to obtain bail and his imprisonment."

He further alleges that he has applied to the Hartford Superior Court pro se for a writ of habeas corpus, but that his application for a writ was returned to him with instructions to route his pleadings through Attorney Richard Cramer of the Civil Legal Assistance for Prisoners program. Apparently under Connecticut practice, a court will only permit a waiver of fees in habeas corpus petitions if the pleadings are signed by an attorney. Mr. LaReau argues that the action he has already taken in state court satisfies the exhaustion of state remedies requirement associated with federal habeas corpus relief.

This case is further complicated by the fact that this Court through telephonic communication with Mr. Keith McCurdy, Acting Records Supervisor at the Somers institution, has learned that no action has yet been taken by that institution on the question of for what jail time Mr. LaReau might be entitled to credit on the recent 6-month sentences. In fact, they have not yet been informed of the existence of the two 6-month concurrent sentences which petitioner alleges were imposed on June 25, 1974.

Being charitable to petitioner, we might interpret this petition as a prediction on his part of what action the institution is likely to take once it is faced with the issue of jail time credit. If so, his prediction is accurate. Mr. McCurdy advised this Court that Mr. LaReau will be denied credit for those 12 days if the facts are as alleged in his petition.[2]

■ When a state prisoner seeks habeas corpus relief for denial of a constitutional right, a federal court must determine whether the petitioner has exhausted state remedies, including state habeas corpus relief, pursuant to 28 U.S.C. § 2254 (1970). However, in this case, I need not decide whether petitioner has exhausted state remedies by virtue of the filing of a pro se habeas corpus petition which was returned to him by the clerk of the state court (*Cf*. United States v. York, 281 F.Supp. 779 (D.Conn.1967)), because it is clear that he has not alleged the violation of any right cognizable under the United States Constitution.

■ Even *going beyond* the question of whether this case is ripe for ad-

---

2. The prison administration is clearly attempting to distinguish this situation from the one presented in Mancinone v. Warden, 162 Conn. 430, 294 A.2d 564 (1972). In that case the petitioner was arrested on criminal charges while on parole from a previous sentence. Unable to post bond, he was confined at a Community Correctional Center. Shortly after his arrest, a parole violator warrant was also lodged against him. One hundred eighteen days after his arrest, he was sentenced on the new criminal charges. During that entire period he had remained in jail.

The prison authorities credited him for those 118 days on his original sentence on which the parole violator warrant had been issued. However, they refused to give him any credit on the new sentence imposed. They argued that even had the petitioner been able to post bond, he would not have been released because of the outstanding parole violator warrant. Therefore, they asserted, he was not really being held in custody because of his inability to obtain bond.

The Supreme Court of Connecticut rejected this argument. It held that under Conn.Gen. Stats.Ann. § 18–98 a petitioner was entitled to jail credit, even if his detention in jail was not *solely* the result of an inability to post bond. Thus, Mancinone was entitled to a full 118-day credit on his new sentence because notwithstanding his detention on a parole violator warrant his inability to post bond was *a* reason for his pretrial detention.

Mr. LaReau, on the other hand, will be denied credit for the 12-day period during which he remained detained at the Community Correctional Center on the parole violator warrant following his posting of bond on the new criminal charges. The prison authorities obviously rely on the fact that that 12-day period of detention was not a result of Mr. LaReau's inability to post bond. Thus, unlike *Mancinone* where the inability to post bond was one of two reasons for the petitioner's detention, here it played no role during the 12-day period in question. However, as appears later in this decision, no opinion on this question is expressed as it is a matter solely for state court determination.

judication, of which I have serious doubts, it is clear that this petition raises no issue cognizable in a federal habeas corpus proceeding. Burns v. Crouse, 339 F.2d 883 (8th Cir. 1964), cert. denied 380 U.S. 925, 85 S.Ct. 930, 13 L.Ed.2d 811 (1965); Handley v. Page, 279 F.Supp. 878 (W.D.Okl.1968); see also Quarls v. State of Missouri, 337 F.Supp. 1025 (W.D.Mo.1972). Petitioner is challenging the prison administration's interpretation of a state statute relating to credit for jail time pending a hearing on a parole violation warrant. It is well established in this district that a "state's construction of its own statute presents no constitutional question."[3] United States ex. rel. Reed v. Reincke, Civ.No.13,236 (D.Conn. June 25, 1969); United States ex. rel. Rafanello v. Hegstrom, Civ.No.10,395 (D.Conn. May 1, 1964), aff'd 336 F.2d 364 (2d Cir. 1964).

The papers may be filed without payment of fee. The petition is dismissed.

So ordered.