**Herbert Charles MILLER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 19429.

United States Court of Appeals Ninth Circuit.

Dec. 8, 1964.

Rehearing Denied Jan. 15, 1965.

---

* Judge Hartigan heard the oral argument and participated in the conference at which a tentative decision for the petitioner was made. Because of illness he does not participate in the opinion or decree.

582

Herbert Charles Miller, in pro. per.

Francis C. Whelan, U. S. Atty., Richard A. Murphy, Asst. U. S. Atty., Chief, Criminal Section, Michael P. Balaban, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before MERRILL, DUNIWAY and ELY, Circuit Judges.

MERRILL, Circuit Judge.

Under Title 28 U.S.C. § 2255, appellant moved to vacate and set aside judgment of conviction. His motion was denied without hearing by the District Court for the Southern District of California, Central Division, and he has taken this appeal.

His grounds for relief as alleged in his moving papers are as follows:

"That during sentencing procedure the trial judge did not advise the appellant of his right to appeal, nor of his right to have assigned counsel properly file such timely notice of appeal and to take all diligence to litigate adequately the appellant's appeal before the Ninth Circuit Court of Appeals.

"That notwithstanding his unsolicited promise both to the appellant and to the appellant's common-law wife to do so, Court appointed counsel * * * did not honor his assurance to file timely notice of appeal."

Appellant in his moving papers also states that he acquainted both the trial court and trial counsel with his view "that plain errors and harmful prejudice permeated his jury trial." He has not, however, beyond this conclusory statement disclosed to the Court below the nature of the error and prejudice which by appeal he proposed to correct. The statement itself does not amount to an allegation that specific error had been committed. Rivera v. United States (9 Cir. 1963) 318 F.2d 606, 608. There was no way in which the District Court could determine the existence of prejudice or judge the substantiality of appellant's claim.

Under these circumstances appellant is not entitled to a hearing under § 2255. Wilson v. United States (9 Cir. 1964) 338 F.2d 54 [1964].

Judgment affirmed.