Leroy WATKINS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20176.

United States Court of Appeals Ninth Circuit.

Feb. 8, 1966.

Leroy Watkins, in pro. per.

Manuel L. Real, U. S. Atty., John K. Van De Kamp, Asst. U. S. Atty., Chief, Crim. Div., J. Brin Schulman, Asst. U. S. Atty., Asst. Chief, Crim. Div., Ronald S. Morrow, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, BARNES and JERTBERG, Circuit Judges.

PER CURIAM:

Appellant appeals from the denial of a § 2255 motion in the district court. He was convicted by a jury in two counts of violating the Mann Act. (18 U.S.C. § 2421) He urged below there had been (a) a denial of his right to direct appeal, and (b) that there was a denial of his constitutional rights in that (a) he was not advised of his right to counsel, Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); (b) that, without counsel, he had made an involuntary confession, contrary to Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964); and (c) that there was no proof an unlawful act was committed.

The district court judge established, by record references, that points (b) and (c) were without merit.

Finding appellant's attorney had failed to appeal the original conviction (as he had been requested to do), the district court, relying on Dodd v. United States, 321 F.2d 240 (9th Cir. 1963), nevertheless found there had been no reversible error.

"* * * a failure of counsel to file notice of appeal will only justify relief under Section 2255 where there is also a showing of 'plain reversible error in the trial.'"

We agree there exists no proof of plain reversible error.

Appellant raises a third point on this appeal—the arguments used by government counsel to the jury. This was not urged below, and cannot be raised for the first time on appeal. But were we to consider it, we would hold it to be without merit.

The denial of relief under § 2255 by the district court is affirmed.