**Clyde McGARRY, Appellant,**

v.

**Jack FOGLIANI, Warden, etc., Appellee.**

**No. 20498.**

United States Court of Appeals
Ninth Circuit.

Dec. 14, 1966.

Rehearing Denied Jan. 18, 1967.

Clyde McGarry, in pro. per.

Harvey Dickerson, Atty. Gen. of Nevada, Donnell Richards, Asst. Atty. Gen.,

C. B. Tapscott, Chief Asst. Atty. Gen., Carson City, Nev., for appellee.

Before HAMLEY, BROWNING and DUNIWAY, Circuit Judges.

## PER CURIAM:

Appellant seeks habeas corpus, attacking his conviction of grand larceny in a Nevada state court and his sentence as an habitual criminal under Nevada Rev. Stat. 207.010.[1] He was charged, in an amended information, with five prior convictions.

He claims that the statute violates Article I, § 3 of the Nevada Constitution, which guarantees the right to trial by jury, and also the Sixth and Fourteenth Amendments to the Constitution of the United States, particularly the Sixth Amendment guarantee of jury trial. The first contention, being purely a question of state law, is not open to him in federal habeas corpus.[2]

The second contention is insufficient. It is settled, in Nevada and elsewhere, that the charge of prior convictions is not a statement of an additional offense, but only of matter affecting possible punishment.[3] There is but

1. "Habitual criminals: Definition; punishment; trial of primary Offense.

   1. Every person convicted in this state of * * * any felony, who shall previously have been twice convicted, whether in this state or elsewhere, of any crime which under the laws of this state would amount to a felony, * * * shall be adjudged to be an habitual criminal and shall be punished by imprisonment in the state prison for not less than 10 years.

   * * * * *

   3. In proceedings under this section, each previous conviction shall be alleged in the accusatory pleading charging the primary offense, but no such conviction may be alluded to on trial of the primary offense, nor may any allegation of such conviction be read in the presence of a jury trying such offense.

   4. If a defendant charged under this section is found guilty of, or pleads guilty to, the primary offense, but denies any previous conviction charged, the court shall determine the issue of such previous conviction after hearing all relevant evidence presented on such issue by the prosecution and the defendant. The court shall impose sentence pursuant to subsections 1 and 2 of this section upon finding that the defendant has suffered previous convictions sufficient to support an adjudication of habitual criminality.

   * * * *."

2. See Gryger v. Burke, 1948, 334 U.S. 728, 731, 68 S.Ct. 1256, 92 L.Ed. 1683; Thomaston v. Gladden, 9 Cir., 1964, 326 F.2d 305; McGee v. Eyman, 9 Cir., 1962, 310 F.2d 230; Hughes v. Heinze, 9 Cir., 1959, 268 F.2d 864; Wolfe v. Nash, 8 Cir., 1963, 313 F.2d 393.

3. State v. Bardmess, 1932, 54 Nev. 84, 7 P.2d 817; cf. Dotson v. State, 1964, 80 Nev. 42, 389 P.2d 77; Oyler v. Bowles, 1962, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed. 2d 446; Sherman v. United States, 9 Cir., 1957, 241 F.2d 329; Elwood v. Smith, 9 Cir., 1947, 164 F.2d 449.

one offense and one punishment.[4] And the fact that the priors were found by the judge, not the jury, does not violate the United States Constitution.[5]

Appellant also asserts that his retained counsel failed to perfect an appeal from his conviction. Standing alone, this is not a ground for federal habeas corpus. He makes no showing whatever that any prejudicial errors occurred that would have called for a reversal of his conviction.[6] There is nothing in the claim that the sentencing judge refused to allow an appeal from the conviction before appellant was sentenced. The right to appeal attached when appellant was sentenced. Nor is the court required to order a copy of appellant's trial transcript merely to enable appellant to "comb the record in the hope of discovering some flaw."[7] Apart from the claim of deprivation of jury trial, a claim considered above, there is no allegation that any constitutional flaw exists. Other contentions, some raised for the first time on this appeal, are without merit.

Affirmed.

4. Lisby v. State, Nev., 1966, 414 P.2d 592, 593.

5. Hughes v. Heinze, 9 Cir., 1959, 268 F.2d 864, and cases there cited; Payne v. Nash, 8 Cir., 1964, 327 F.2d 197.

6. Watkins v. United States, 9 Cir., 1966, 356 F.2d 472; Thomas v. United States, 9 Cir., 1965, 343 F.2d 49; Miller v. United States, 9 Cir., 1965, 339 F.2d 581; Wilson v. United States, 9 Cir., 1964, 338 F.2d 54; cf. Dodd v. United States, 9 Cir., 1963, 321 F.2d 240.

7. United States v. Glass, 4 Cir., 1963, 317 F.2d 200, 202.