**R. C. JARVIS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 21544.

United States Court of Appeals
Ninth Circuit.

Aug. 8, 1967.

Neil E. Johnson, Joseph P. Gagliardi, Spokane, Wash., for appellant.

Smithmoore P. Myers, U. S. Atty., John H. McRae, Asst. U. S. Atty., Spokane, Wash., for appellee.

Before HAMLEY and DUNIWAY, Circuit Judges, and MATHES, * District Judge.

DUNIWAY, Circuit Judge:

Convicted and sentenced on charges of attempt to escape (18 U.S.C. § 751) and assault upon a United States Marshal (18 U.S.C. § 111), Jarvis sought relief under 28 U.S.C. § 2255. This was denied and he appeals. We affirm.

Jarvis did not appeal his conviction, and in this proceeding he claims that his decision not to appeal was not voluntary because it was the result of a bargain whereby the United States Attorney, in return for his not appealing, agreed to procure dismissal of a pending Dyer Act charge (18 U.S.C. § 2312) under which he was being held at the time of the attempted escape and assault. The District Judge held a hearing at which Jarvis, his trial counsel and the deputy United States attorney who prosecuted the case were witnesses. The court found:

> "Petitioner's failure to appeal from the judgment of conviction was the result of his free and voluntary act done with full knowledge of his rights, under circumstances free of duress, coercion, deception or overreaching, and after full consultation with counsel, and he was in no respect prejudiced thereby."

* Senior District Judge William C. Mathes, sitting by designation, died on July 24, 1967. He participated in the hearing and consideration of this case and expressed his concurrence in the result that we reach. He did not participate in the preparation of this opinion.

On this appeal, Jarvis attacks the finding. He also argued in the District Court that his trial was infected with certain errors, namely (1) that the court should have granted a severance of his trial from that of a co-defendant, Hathaway who was involved in the same incident, (2) that because Hathaway elected to testify, and did so in a manner not helpful to Jarvis, he was compelled to take the stand in his own behalf, (3) that counsel for his co-defendant indulged in improper argument to the jury, not sufficiently corrected by the court, and (4) that the prosecutor was guilty of misconduct in his argument to the jury. Jarvis also made a motion that he be provided, in this proceeding, with a free transcript of his trial. This was denied. On appeal, Jarvis makes the same contentions, except that he appears to have abandoned Nos. (3) and (4).

We first consider waiver of the right to appeal. Here, the trial court did what we said in Dodd v. United States, 9 Cir., 1963, 321 F.2d 240, 241, that a trial court should do; it had a hearing on the question. The record shows that Jarvis and his counsel discussed his right to appeal, and the probability of success, more than once, and that they were aware of the grounds on which it is now asserted that the trial was infected with error. The pending Dyer Act charge and its possible dismissal were also fully discussed. In explaining to Jarvis the alternatives that were available to him, his lawyer did exactly what we said in Cortez v. United States, 9 Cir., 1964, 337 F.2d 699, 701, that counsel should do. The bargain was kept. The finding is fully supported. Here was no such frustration of the right to appeal as occurred in Doyle v. United States, 9 Cir., 1966, 366 F.2d 394.

Each of the errors that is said to have been committed could have been reviewed on appeal. None is such as to merit relief under section 2255 when the right to appeal has been lost. See Sunal v. Large, 1947, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982; Hill v. United States, 1962, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417; United States v. Sobell, 2 Cir., 1963, 314 F.2d 314, 320–23. We are not impressed with counsel's attempt to transmute a strategic decision that Jarvis should take the stand into a violation of the Fifth Amendment prohibition of compulsory self-incrimination, and even if we were, it is still true that a claim based upon constitutional grounds can be waived. Here, the facts supporting the claim were known to Jarvis and his counsel, and Jarvis had the benefit of counsel's advice as to the probable success of an appeal. Yet appeal was waived by Jarvis. Cf. Fay v. Noia, 1963, 372 U.S. 391, 438–439, 83 S.Ct. 822, 9 L.Ed.2d 837; Kuhl v. United States, 9 Cir., 1966, 370 F.2d 20.

The only reason given for the request for a transcript is that it was needed in support of the claims that errors (1) and (2) were committed. Since it would not be proper to consider them in face of the voluntary waiver of the right to appeal, the denial of the request was proper.[1] Cf. McGarry v. Fogliani, 9 Cir., 1967, 370 F.2d 42, 44.

Affirmed.

---

1. We do not decide whether the court had power to grant the request.