**Wilbert Lee DAVIS, Petitioner,**

v.

**Lawrence E. WILSON, Warden, California State Prison, San Quentin, California, Respondent.**

**Civ. No. 67–1268.**

United States District Court
C. D. California.

Jan. 31, 1968.

Marvin G. Weeks, Los Angeles, Cal., for petitioner.

Thomas C. Lynch, Atty. Gen., Derald E. Granberg, James B. Cuneo, Deputy Attys. Gen., San Francisco, Cal., for respondent.

## MEMORANDUM OF DECISION AND ORDER

WILLIAM P. GRAY, District Judge.

The petitioner is a prisoner in a California state penitentiary. He seeks from this Court a writ of *habeas corpus* directed against the warden of the prison.

The petition and traverse and the testimony at the hearing that ensued disclosed that the petitioner was convicted by a superior court jury in Riverside County, California, on a charge of robbery. The public defender had represented the petitioner at the trial, and, promptly after the verdict was received, the latter expressed to his counsel his desire to appeal. The public defender responded that he would study the matter and would institute an appeal if he could find any reasonable basis for doing so. Three weeks later, the petitioner was sentenced to prison and began serving his term.

In the meantime, the public defender did give some thought to the matter of an appeal, and in the course of such consideration he consulted with the district attorney who had prosecuted the case. The public defender finally concluded that an appeal was not warranted, and he therefore did not file a notice of appeal, nor did he ever advise his client of such determination or communicate with him in any way.

In due course, and long after the statutory period for filing a notice of appeal had run, the petitioner began to inquire about his appeal. In response to such inquiry, he received a letter from the county clerk's office advising him of what the public defender had done and had not done, as hereinabove indicated. Thereafter, the petitioner applied unsuccessfully to the California Court of Appeal for permission to file a late notice of appeal, and he thereafter petitioned successively to the Superior Court, the Court of Appeal, and the California Su-

preme Court for writs of *habeas corpus*, relief being denied in each instance.

The petitioner now contends that under the circumstances here set forth, he has not been accorded the rights to which he is entitled under the "due process" and "equal protection" clauses of the Fourteenth Amendment. I am obliged to agree.

■■ The respondent urges that no Constitutional question is here involved, because a state is not required to give a right to appeal. The truth of that assertion was acknowledged in Griffin v. People of the State of Illinois, 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891, 898 (1956), as follows:

"It is true that a State is not required by the Federal Constitution to provide appellate courts or a right to appellate review at all. [Citing a case.] But that is not to say that a State that does grant appellate review can do so in a way that discriminates against some convicted defendants on account of their poverty."

A first appeal from a criminal conviction is granted as a matter of right under California Penal Code sections 1235 and 1237, and if the petitioner had been financially able to employ counsel, he would have had no trouble whatever in having a notice of appeal filed and in being accorded a judicial determination as to the merits of such appeal. It is quite evident from the recent decisions of the United States Supreme Court, that the equal protection clause of the Fourteenth Amendment requires that the ability of a defendant to obtain such judicial review cannot be made to depend upon his financial circumstances.

■ Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) established the principle that, under the Fourteenth Amendment, the right of a defendant in a criminal action to be represented by counsel may not depend upon his financial ability to hire a lawyer. Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) held that if such a person wants to have his conviction reviewed, his poverty may not be the basis for limiting the completeness of the record on appeal. And Douglas v. State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) ruled that an indigent appellant is entitled to counsel on appeal, even though the appellate court had previously " 'gone through' the record and had come to the conclusion that 'no good whatever could be served by appointment of counsel.' " (372 U.S. at 354–355, 83 S.Ct. at 815.)

■ All of these cases seem clearly to point the way toward the conclusion that the Fourteenth Amendment sustains the petitioner in the matter here concerned; and Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (May 8, 1967) virtually requires such a result. We learn from that case that, once a criminal appeal has been filed, "The constitutional requirement of substantial equality and fair process" obligates counsel for an indigent defendant to prosecute such an appeal to the best of his ability, irrespective of his views as to the presence or absence of reversible error. Justice Clark, in writing the opinion of the Court, emphasized that such counsel is not a judge or an *amicus curiae;* he is an advocate.

■ If the teaching of *Anders* is to have any meaning in the *prosecution* of an appeal, it must also apply with respect to the filing of the notice of appeal, which is a condition precedent to obtaining such prosecution. Here, as in *Anders,* the attorney assigned to defend the petitioner was an advocate whose principal obligation was to preserve his client's rights to the best of his ability. One of those rights was the obtaining of judicial review of his conviction. He was not accorded it then; he must have it now.

The respondent contends that the petitioner should be denied relief because he has not shown that errors of law occurred at the trial which would have required or warranted a reversal, and he cites McGarry v. Fogliani, 370 F.2d 42 (9th Cir. 1966). That decision did

affirm the denial of *habeas corpus* relief for the reason here urged by the respondent, but it appears from the short *per curiam* opinion that the counsel that failed to *perfect* the appeal was *retained* counsel, rather than an attorney appointed to represent an indigent. Unlike the case here concerned, there was no showing that such counsel had failed to file an appeal because he had, in effect, determined that the matter was not worthy of judicial review. If *McGarry* had involved appointed counsel, it would have come within the precise situation concerned in *Anders*, which is a later decision. And it is to be noted that the ruling in *Anders* was that the case must be returned to the state Court of Appeal and the appeal there perfected by an advocate, even though the last mentioned court had already examined the record before affirming the conviction.

At the hearing conducted by this Court on the petition for *habeas corpus*, no transcript of the trial in the superior court was available; the public defender could not recall what issues might have been presented as possible errors on appeal; and the petitioner, who is completely inexperienced in the law, recited several alleged conflicts in testimony and errors in admission of evidence which, without a complete record, are almost impossible to evaluate. Rather than for me to require preparation of a transcript and, in effect, conduct here an appeal, in order to carry out what the respondent insists is the requirement of *McGarry*, it seems to me that the review of the superior court proceedings should be the responsibility of the California Court of Appeal. This is what the petitioner sought from the beginning ·and was wrongfully denied him; this is what *Anders* would appear to require.

IT IS ORDERED that:

1. The respondent shall discharge the petitioner from custody on March 1, 1968, unless prior to that date appropriate authorities of the State of California shall have (1) authorized the petitioner to file a late notice of appeal from the hereinabove mentioned conviction by the superior court in Riverside County; (2) authorized the petitioner to proceed with the appeal *in forma pauperis;* and (3) appointed counsel to represent him in such appeal.

2. The respondent is directed promptly to notify the appropriate authorities of the State of California concerning this order.