**Joseph Muncie VICTOR, Petitioner-Appellant,**

v.

**Ward LANE, Warden of Indiana State Prison, Respondent-Appellee.**

**No. 16234.**

United States Court of Appeals Seventh Circuit.

May 6, 1968.

Forrest Bowman, Jr., Ferdinand Samper, Indianapolis, Ind., for appellant.

John J. Dillon, Atty. Gen., John F. Davis, Asst. Atty. Gen., Indianapolis, Ind., for appellee.

Before CASTLE, SWYGERT and FAIRCHILD, Circuit Judges.

FAIRCHILD, Circuit Judge.

Joseph Muncie Victor is in custody in an Indiana prison, pursuant to conviction and sentence in an Indiana court. He petitioned the district court for habeas corpus. The district court decided, without an evidentiary hearing, that Victor had failed to assert a deprivation of constitutional rights, and dismissed the petition. Victor has appealed.

Victor was indigent, and was represented by court-appointed counsel at his trial. He was convicted July 15, 1960. His trial counsel filed a timely motion for a new trial, which was overruled September 23, 1960. It is undisputed that under Indiana practice appointed trial counsel 'was neither obliged nor authorized to proceed further.

Victor had 90 days after September 23 within which to appeal. It is undisputed that he would have been provided a transcript and counsel for the purpose of appeal, without expense to him, had he made a request to the trial court.[1] He failed to make the request.

Several years later Victor acquired enough money to purchase a transcript and employ counsel. In 1965, with the assistance of counsel, he petitioned the Supreme Court of Indiana for a belated appeal. He alleged that he had not known that he had a right to have counsel appointed to prosecute an appeal, and that the trial court erred in overruling the motion for new trial. As to the merits of his appeal he said only that the motion contained 18 specifications of error and raised substantial questions of law.

The Supreme Court of Indiana denied his petition. The court stated that under its decisions allowing a belated appeal, "there must be sufficient cause shown to excuse the delay, and there must be a prima facie showing that there is merit in the appeal sought." It decided, without an evidentiary hearing, that Victor's petition made neither showing.[2]

Victor's petition to the district court, also made with assistance of counsel, contained allegations similar to his state petition.

With respect to his knowledge of his rights, he alleged that he is blind, that until recently he was unaware that he had a right to have an appeal prosecuted at public expense, that he believed he could only obtain an appeal by payment of expenses and attorney fees, and that his trial counsel did not inform him of his right to prosecute an appeal at public expense.

He disclosed nothing more concerning alleged errors in his trial than he had said in his state petition.

■ It is now axiomatic that at the trial stage (and certain pre-trial stages) it is not presumed that an unrepresented defendant knows his rights with respect to retained or appointed counsel.

■■ There is, however, a presumption of some force that a completed trial has been properly conducted, and that reversible error is more improbable than probable. In many cases an appeal would be futile effort. Although most would agree that it is good practice for a trial court to inform a convicted defendant of his right to appeal, and to be furnished counsel if he is indigent,[3] the absence of such advice is not deemed

1. This was true in Indiana even before Douglas v. People of State of California (1963), 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811. See Lane v. Brown (1963), 372 U.S. 477, 478, footnotes 3 and 4, 83 S.Ct. 768, 9 L.Ed.2d 892.

2. Victor v. State (1966), Ind., 214 N.E. 2d 645, cert. den. 385 U.S. 885, 87 S.Ct. 178, 17 L.Ed.2d 112.

3. Cf. Rule 32(a) (2), F.R.Cr.P.

a denial of due process or equal protection.[4]

The thread of Victor's argument appears to be that the state had a duty to dispel Victor's ignorance, and is therefore responsible for his failure to take a timely appeal. Had he requested counsel for an appeal, he would have had the same opportunity to appeal as a defendant with means to employ counsel. Victor wants us to assume (although he does not specifically allege) that he would have taken a timely appeal had he known how to go about it, and argues that since his tardiness was due to his poverty and ignorance, the state must afford him belatedly the same appeal of right (without a showing of merit) which it would have granted to any defendant who took an appeal within ninety days.

■ Victor had the assistance of counsel by the time he sought leave to take a belated appeal. His petition made the bald assertion that his appeal would raise substantial questions, but made no more palpable or specific claim that it had arguable merit. The Supreme Court of Indiana could, without any question, properly decide that no merit had been shown. And even if the state must bear responsibility for the lateness of the appeal, we deem it proper to require a defendant, who has the assistance of counsel, to show that his appeal has arguable merit.

A frivolous appeal is utterly useless. If the appeal would have been frivolous if timely, defendant has lost nothing by failure to appeal within time, or by refusal of a belated appeal.

■ Victor, in his federal petition, has made no allegations concerning merit in an appeal which add anything to his petition in the state court. In our opinion he has not shown that the denial of a belated appeal has impaired any federal right,[5] and we affirm.

If we were to reach the question whether the state was responsible for the lateness of the appeal, we would find more difficulty. We comment upon it because of the possibility that Victor, on a new petition, may succeed in showing that his appeal would have arguable merit.

One of the oft-cited decisions in this field is Pate v. Holman in the fifth circuit.[6] Judge Wisdom wrote[7] "State action is shown when a responsible official in the State's system of justice * * * fails to take proper steps toward appointment of counsel for a convicted defendant when he has knowledge of the defendant's indigency and desire for appellate counsel. When an accused person retains counsel on the original trial, the State may rely on the presumption that the accused's lawyer will protect his client's rights on appeal."[8] Our case does not quite fit the quoted statement. The court and prosecutor knew of Victor's indigency, and that appointed trial counsel was no longer available to him during the period within which he could take an appeal. But there is no claim that the court or prosecution knew of his desire for appellate counsel if in fact he had any wish to appeal.[9]

■ It seems to be conceded that as a matter of Indiana practice Victor's trial counsel had no obligation to discuss with him the advisability or means of

---

4. United States ex rel. Bjornsen v. La-Vallee (2d Cir. 1966), 364 F.2d 489. See, however, United States ex rel. Maselli v. Reincke (2d Cir. 1967), 383 F.2d 129, 134, and footnote 7.

5. The ninth circuit, in cases where a prisoner has claimed that counsel improperly failed to appeal, has denied collateral attack where he fails to show prejudicial errors calling for reversal. McGarry v. Fogliani (1966), 370 F.2d 42; Watkins v. United States (1966), 356 F.2d 472;

Miller v. United States (1964), 339 F.2d 581.

6. (1965), 341 F.2d 764.

7. Id. at page 775.

8. See, also, Smartt v. Bomar (6th Cir. 1965), 340 F.2d 593.

9. See comment on the necessity of a request for counsel, United States ex rel. Maselli v. Reincke (2d Cir. 1967), 383 F.2d 129, 134, and footnote 7.

taking an appeal. Hence the state can scarcely rely on an assumption that he did so. Several recent decisions have dealt with this type of problem where defendant had been represented by counsel who failed to give appropriate advice, and defendant did not have the necessary knowledge from any other source.

The decision most favorable to Victor seems to be Wynn v. Page in the tenth circuit.[10] The district court had held an evidentiary hearing, and had found that Wynn did knowingly forego an appeal, with full understanding of his constitutional rights. The court of appeals, however, reversed, being convinced that Wynn "was not afforded the assistance of counsel concerning his right of appeal and the exercise thereof, that he did not knowingly forego his right to appeal his conviction, and that he did not fully understand his constitutional rights in the matter."

Wynn had retained his own counsel for the trial, but counsel did not see him after the sentencing and did not advise him concerning an appeal nor the filing of a pauper's oath. The time for appeal was only ten days. Wynn testified he knew he had a right to appeal, but didn't know how. He did file a petition for habeas corpus soon after he learned at the prison that the time for appeal had expired.[11]

Wynn's promptness supports the probability that he would have taken a timely appeal if properly advised. Although there has been no evidentiary hearing in the case before us, one of the problems is that Victor's failure to find out how to proceed or request counsel for several years makes it less credible that he had a real desire to appeal, or would have done so if he had been fully advised within the ninety day period.

Another decision dealing with ignorance of a ten day limitation on the right to appeal is Fox v. State of North Carolina.[12] Fox was not informed of the ten day limit by his counsel or the court, and was unaware of it until it had expired. The court concluded that his failure to file a timely appeal was not a knowing and intelligent waiver. It did appear that Fox had expressed a desire to appeal a few weeks after the sentencing.

In one case the second circuit has held a state's failure to entertain a late appeal to be a denial of due process.[13] A defendant's counsel was apprised of his client's desire to appeal, his indigency, and meritorious grounds for appeal, yet counsel failed to appeal and to inform defendant how to proceed as an indigent. It was held immaterial that the prosecution and the trial court were unaware of defendant's poverty and of the incompetence of counsel.

In all the cases cited, the facts make it a reasonable inference that the defendant's ignorance deprived him of a timely appeal, which he would have pursued if properly informed. Whether that is a reasonable inference in this case could be determined only after an evidentiary hearing. We think that when prosecutor and court knew that Victor was indigent, and knew, as seems to be conceded, that his appointed counsel had no obligation to assist him after moving for a new trial, it is not to be presumed that Victor had sufficient knowledge of his rights concerning appeal. Accordingly, if Victor had alleged and satisfactorily shown that his appeal would have arguable merit, the district court could not have denied the petition without an evidentiary hearing.

The judgment appealed from will be affirmed.

10. (1966), 369 F.2d 930.

11. He was sentenced November 2, 1964 and his first petition in state court was denied April 21, 1965, Wynn v. Page (Okl. Cr.1965), 401 P.2d 534.

12. (E.D.N.C.1967), 266 F.Supp. 19.

13. United States ex rel. Maselli v. Reincke (1967), 383 F.2d 129. See, also, United States ex rel. Thurmond v. Mancusi (E.D.N.Y.1967), 275 F.Supp. 508, 522.

SWYGERT, Circuit Judge (dissenting).

In the Supreme Court of Indiana, one of the bases for rejecting petitioner's application to file a belated appeal was that he had not shown sufficient excuse for failing to take a timely appeal. The Indiana court summarily denied the application by a per curiam opinion. That application contained substantially the same allegations with respect to the reason for the delay as those contained in the instant habeas petition.

The important allegation made by petitioner is that he was unaware until 1965 (although he had been sentenced in 1960) that he had a right to have an appeal prosecuted at public expense.[1] He further alleged that his court-appointed trial counsel did not inform him of his right to prosecute an appeal at public expense. Since he asserted that he was unaware of this right for several years after his conviction, it must be assumed that neither the trial judge nor the prosecuting attorney advised him of this right either although they were aware of his indigency.

In this setting, I agree with Judge Fairchild that on the question whether there were sufficient grounds for allowing a belated appeal, and on the more precise constitutional question whether the State of Indiana was responsible for the lateness of the appeal, the district court should conduct an evidentiary hearing. The constitutional question is subsumed in the determination of the sufficiency of the grounds advanced by the petitioner for a belated appeal under Burns' Ind.Stat., 1956 Repl., § 9–3305. Thus both questions were before the Indiana Supreme Court. A combination of the principles enunciated in Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), applied to the facts alleged in this case, if those facts as alleged were found to be true, would require a determination that petitioner's constitutional rights were violated.

My disagreement with the majority arises from its holding that, in order to obtain a belated appeal in the Indiana Supreme Court, a defendant must, in addition to demonstrating sufficient excuse for the delay, "show that his appeal has arguable merit." If there are sufficient reasons to excuse a defendant in a criminal case from failing to take a timely appeal, the grant of a belated appeal ought not depend on whether there is a preliminary showing that the appeal has merit. Otherwise, a defendant who through no fault of his own has failed to take an appeal in time will be treated differently and to his disadvantage from a defendant who has taken a timely appeal.

In Douglas v. People of State of California, supra, the Supreme Court said: "When an indigent is forced to run * * [the] gauntlet of a preliminary showing of merit, the right to appeal does not comport with fair procedure." 372 U.S. at 357, 83 S.Ct. at 816. Even though the circumstances in *Douglas* and the instant case are different, they are sufficiently analogous to require the application of the view expressed in *Douglas* to this case. Once sufficient excuse for delay is advanced, the equal protection clause of the Constitution should prevent a state from imposing a more rigorous standard on defendants seeking a belated appeal than on those seeking a timely appeal.

I would reverse.

---

1. As an indigent, petitioner might have secured a transcript without cost and been represented by the Public Defender on appeal. Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963). Because of his ignorance of his rights, petitioner alleges that he resorted to self-help. In August 1964 he was able to purchase a transcript of the evidence submitted at his trial with his own funds, and in March 1965 he was able to employ private counsel for the first time.