**Anthony NANCE, Petitioner-Appellant,**

**v.**

**UNITED STATES of America, Respondent-Appellee.**

**No. 17361.**

United States Court of Appeals Seventh Circuit.

Jan. 22, 1970.

W. Donald McSweeney, Chicago, Ill., for petitioner-appellant; Schiff, Hardin, Waite, Dorschel & Britton, Chicago, Ill., of counsel.

Anthony Nance, pro se.

Thomas A. Foran, U. S. Atty., Michael B. Cohen, Chicago, Ill., for respondent-appellee.

Before HASTINGS, Senior Circuit Judge, and FAIRCHILD and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Petitioner-appellant, Anthony Nance, filed a motion under 28 U.S.C. § 2255 in the district court. The district court de-nied relief without a hearing and petitioner appeals.

Two indictments were brought against Nance: the first indictment charged Nance under two counts for violation of 18 U.S.C. § 111, assaulting a federal officer, and the second indictment charged Nance with violations of 26 U.S.C. § 4742(a), sale of marihuana, and 21 U.S. C. § 176a, importation of marihuana. The two indictments were consolidated for trial. Nance was tried without a jury and was found guilty on three counts: one for violation of 18 U.S.C. § 111, one for violation of 26 U.S.C. § 4742(a) and one for violation of 21 U.S. C. § 176a.

On June 29, 1967, Nance was sentenced to seven years on each count, the sentences to run concurrently. At the time of sentencing Nance was accompanied by retained counsel. The district judge did not advise Nance of his right to appeal pursuant to Rule 32 of F.R. Crim.P. and no appeal was taken.

"Present federal law has made an appeal from a District Court's judgment of conviction in a criminal case what is, in effect, a matter of right." Coppedge v. United States, 369 U.S. 438, 441, 82 S. Ct. 917, 919, 8 L.Ed.2d 21 (1962). Rule 32(a) (2) of the F.R.Crim.P. requires the district judge advise all defendants of their right to appeal and of the right of those financially unable to appeal, of their right to proceed in forma pauperis.

Prior to the adoption of Rule 32(a) (2), Rule 37(a) (2) provided that the district court advise only defendants not represented by counsel of their right to appeal and to proceed with such appeal in forma pauperis if necessary. Rule 32(a) (2) of the F.R.Crim.P. was adopted "because situations arise in which a defendant represented by counsel at the trial is not adequately advised by such counsel of his right to appeal." Notes of Advisory Committee on Rules, F.R. Crim.P. 32(a) (2).

Rule 32(a) (2) and its predecessor Rule 37(a) (2) seek to insure that all defendants know of their right to appeal

in order that they may act to exercise this right or knowingly waive it. Further, "[b]ecause indigent defendants are most likely to be without effective assistance of counsel at this point in the proceedings, it is also provided that defendants be notified of the right of a person without funds to apply for leave to appeal in forma pauperis." Notes of Advisory Committee on Rules, F.R. Crim.P. 32(a) (2).

Here, the petitioner who was represented by counsel at the trial was not advised by the district court of his right to appeal and the right to proceed in forma pauperis. While the defendant admits that he knew of his right to appeal, he claims that he was unaware of the availability of an appeal in forma pauperis. Failure of the district court to instruct the defendant as to the possibility of an appeal in forma pauperis may have deprived the defendant of his right to an appeal.

■ In United States v. Smith, 387 F.2d 268 (6th Cir.1967), the court held that the only way of remedying the failure of the district court to advise defendant of his right to appeal was to remand for resentencing at which time the district court should inform defendant in accordance with the procedures of F. R.Crim.P. 32(a) (2). *See also* Williams v. United States, 402 F.2d 548 (8th Cir. 1968). In Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969), the United States Supreme Court concluded that since the defendant was deprived of his right to appeal by the district court's failure to advise the defendant under old Rule 37(a) (2) after he had sought to proceed in forma pauperis, the case should be remanded for resentencing. Under the reasoning of *Rodriquez,* correcting a violation of 37(a) (2), and the holding in United States v. Smith, *supra,* remedying a violation of 32(a) (2), we find the only remedy for the failure of the district court to advise a defendant of his right to appeal is for the case to be remanded to the district court for resentencing at which time the court should inform him

of his appeal rights as required by F.R. Crim.P. 32(a) (2).

■ The government relies on Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), in which the Supreme Court held that the failure to afford a defendant the right to speak on his own behalf at the time of the imposition of sentence as required by F.R. Crim.P. 32(a) (1) did not require vacation of the sentence under 28 U.S.C. § 2255. The government's reliance on *Hill* is misplaced. The right to appeal is fundamental, Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962), but the right to speak at sentencing is not. Hill v. United States, *supra.*

■ In addition, the government contends that under Victor v. Lane, 394 F. 2d 268 (7th Cir.1968), the defendant must show that his appeal will have arguable merit before relief will be granted. We need not decide the vitality of *Victor* after Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715 (1969), since the defendant in *Victor* was convicted in state court and was attacking his denial of an appeal pursuant to 28 U.S.C. § 2254. Here, defendant was convicted in federal court and *Rodriquez* specifically overrules the Ninth Circuit's rule requiring a showing of arguable merit under 28 U.S.C. § 2255 when an appeal has been denied.

■ At oral argument counsel for defendant argued that since the defendant was not advised of his right to appeal, he has been denied his right to speedy trial and instead of remanding for resentencing, his conviction should be vacated. We disagree. The right to speedy trial does not prevent the correction of legal errors by the district court and we find no evidence of any delay resulting from purposeful acts of the prosecutor. Pollard v. United States, 352 U.S. 354, 361, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957).

As to defendant's claims that his convictions under 26 U.S.C. § 4742(a) and 21 U.S.C. § 176a violated his fifth

amendment privilege against self-incrimination, the district court should consider these arguments in light of Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), and Buie v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (Dec. 9, 1969).

The court wishes to thank Mr. W. Donald McSweeney of the Illinois bar for his excellent representation of petitioner-appellant as court-appointed counsel.

Remanded with directions.