UNITED STATES of America ex rel.
Charles SINGLETON, Petitioner-
Appellee,

v.

Joseph I. WOODS, Sheriff of Cook Coun-
ty, Respondent-Appellant.

No. 18391.

United States Court of Appeals,
Seventh Circuit.

Feb. 18, 1971.

Major, Senior Circuit Judge, dis-
sented in part and filed opinion.

Edward V. Hanrahan, State's Atty.,
Joseph Romano, Chicago, Ill., for respon-
dent-appellant; Robert A. Novelle, Asst.
State's Atty., of counsel.

James Brian Haddad, Tyrone C. Fah-
ner, Chicago, Ill., for petitioner-appellee.

Before MAJOR, Senior Circuit Judge,
and KERNER and PELL, Circuit
Judges.

KERNER, Circuit Judge.

Petitioner-appellee Charles Singleton
was convicted of criminal trespass to ve-
hicle, a misdemeanor. He was sentenced
to one year in Cook County Jail. Four
months later, Singleton petitioned the Il-
linois Appellate Court for leave to file a
late notice of appeal, stating under oath
that neither the trial judge nor court-ap-
pointed counsel had advised him of his
right to appeal and further swearing
that he was in fact ignorant of this
right. The Illinois Appellate Court de-
nied Singleton's petition to file a late
notice of appeal and Singleton brought a
petition for a writ of habeas corpus in
the United States District Court for the
Northern District of Illinois. The dis-
trict court judge granted Singleton's ha-
beas corpus petition and ordered Single-

ton released, finding that the Illinois Appellate Court had abused its discretion in denying petitioner "an opportunity to secure relief, which might have been available to him under the Constitution of the United States."

■ Applying the reasoning of Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed. 2d 811 (1963); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and their progeny, we hold that the trial judge should have advised petitioner of his right to appeal and, as a constitutional corollary, his right to court-appointed counsel on appeal if he is indigent. Failure to give such advice violated petitioner's right to equal protection under the fourteenth amendment and his sixth amendment right to counsel, incorporated through the due process clause of the fourteenth amendment. United States ex rel. O'Brien v. Maroney, 423 F.2d 865 (3d Cir. 1970); Nelson v. Peyton, 415 F.2d 1154 (4th Cir. 1969); United States ex rel. Smith v. McMann, 417 F.2d 648 (2d Cir. 1969).

In Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), the Supreme Court held that the Illinois law denying free trial transcripts to indigents for preparation of an appeal, in noncapital cases, violated the due process and equal protection clauses of the fourteenth amendment. The Court in Griffin stated:

> There is no meaningful distinction between a rule which would deny the poor the right to defend themselves in a trial court and one which effectively denies the poor an adequate appellate review accorded to all who have money enough to pay the costs in advance. It is true that a State is not required by the Federal Constitution to provide appellate courts or a right to appellate

review at all. See, e. g., McKane v. Durston, 153 U.S. 684, 687–688 [14 S.Ct. 913, 914–915, 38 L.Ed. 867]. But that is not to say that a State that does grant appellate review can do so in a way that discriminates against some convicted defendants on account of their poverty. Appellate review has now become an integral part of the Illinois trial system for finally adjudicating the guilt or innocence of a defendant. Consequently at all stages of the proceedings the Due Process and Equal Protection Clauses protect persons like petitioners from invidious discriminations.

Six years later, in Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1962), the Court reiterating its rationale in Griffin, held that equal protection and due process required that an indigent receive court-appointed counsel on appeal without an ex parte showing that such appeal will have arguable merit.

In the same term as its decision in Douglas, the Supreme Court decided Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), in which it held that the sixth amendment right to counsel was applicable to the states through the due process clause of the fourteenth amendment, and, consequently, an indigent facing trial on felony charges was entitled to court-appointed counsel. Subsequently, the right of an indigent to have appointed counsel on appeal was expressly made applicable to the states. Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967).

The State of Illinois has provided for an appeal from petitioner's conviction and one-year sentence for criminal trespass. The right to appeal is ineffectual if a defendant is ignorant of this right, and we find it incumbent on the trial judge to inform indigent defendants of this right.[1] See United States ex rel.

---

1. There is some difference of opinion among the circuits which have faced the problem of whether a trial judge should have the duty to advise all defendants, those who are indigent and those with retained counsel, of their right to appeal.

Compare the majority opinion in United States ex rel. Smith v. McMann, supra, with the dissent in that opinion and with United States ex rel. O'Brien v. Maroney, supra. See also the majority and dissenting opinions in Goodwin v. Cardwell, 432

O'Brien v. Maroney, *supra*; United States ex rel. Smith v. McMann, *supra*. Constitutionally concomitant to the right to be advised of appeal is the right of an indigent to be advised that if he desires to prosecute the appeal, a court-appointed lawyer will be provided. To allow the poor man merely to know of his right to appeal without providing counsel is the violation of equal protection which the Court identified in *Douglas*.

While we recognize that the facts of *Douglas, Griffin* and *Gideon* all involved felonies, we believe that fundamental constitutional protections should not entirely depend on the distinctions between misdemeanors and felonies. Three recent Supreme Court decisions indicate that the Court is not willing to deny to individuals constitutional protections entirely on the basis that the offense involved is a misdemeanor. In Williams v. Oklahoma City, 395 U.S. 458, 89 S.Ct. 1818, 23 L.Ed.2d 440 (1969), the Court held that the denial to an indigent of a free trial transcript necessary to perfect an appeal was a violation of the equal protection clause of the fourteenth amendment even though the offense appealed from was a violation of a misdemeanor, "quasi" criminal in nature.

> This Court has never held that the States are required to establish avenues of appellate review, but it is now fundamental that once established, these avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts. [citations omitted] *Id.* at 459, 89 S.Ct. at 1819.

In Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1965), the Court held that the sixth amendment, as applied to the states through the fourteenth, required that the defendant, although charged with the misdemeanor of battery, punishable by a maximum of two years imprisonment and a $300 fine, be entitled to a jury trial. The Court characterized the charged offense as serious as opposed to a petty offense which would not be subject to the sixth amendment jury trial guarantee. This distinction was further explained in the latest term of the Court. In Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970), the Court when faced with the question of whether a misdemeanor offense punishable by a sentence up to one year could be characterized as "serious" or "petty" for the purpose of jury trial, refused to accept the State of New York's argument that the line between petty and serious should coincide with the line between misdemeanors and felonies.

> But while * * * a felony conviction is more serious than a misdemeanor conviction—some misdemeanors are also "serious" offenses.
>
> *Id.* at 70, 90 S.Ct. at 1888.

The Court in *Baldwin* found that the offense punishable with a sentence up to one year was a "serious" offense and entitled the defendant to the jury trial protection of the sixth amendment.

■■ In Gideon v. Wainwright, *supra*, the Court stated that "in our adversary system of criminal justice, any person haled in court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him", 372 U.S. at 344, 83 S.Ct. at 796. Even though *Gideon* involved a felony conviction, the language used in the opinion makes no attempt to differentiate between felonies and misdemeanors. See Goslin v. Thomas, 400 F.2d 594 (5th Cir. 1968). While we need not face the question whether Gideon applies to all misdemeanors, the recent Supreme Court opinions discussed above lead us to hold that the sixth amendment right of assistance of counsel on appeal applies to all "serious" offenses whether they be felonies or misdemeanors. Petitioner was charged with an offense to which

F.2d 521 (6th Cir. 1970). Since there is no question that petitioner was indigent in the instant case and the trial judge knew of his indigency, we need not resolve this conflict.

he was sentenced to one year in jail and we find as the Supreme Court in *Baldwin, supra*, that the possible sentence of one year is a serious offense, and entitles him to appointment of counsel to prosecute his appeal.

■ Finally, the respondent relies on Victor v. Lane, 394 F.2d 268 (7th Cir. 1968, Swygert, J., dissenting), which held that unless an indigent could show arguable merit to his appeal, the trial court's failure to advise him of his right to appeal was not sufficient to award him a belated appeal. A rereading and rethinking of *Victor* in relation to Douglas v. California, *supra*, and our discussion in the instant opinion, convinces us that *Victor* was not correct and should be overruled.[2] In doing so we adopt the dissenting opinion of Judge Swygert which states in pertinent part:

> In Douglas v. People of State of California, *supra*, the Supreme Court said: "When an indigent is forced to run * * * [the] gauntlet of a preliminary showing of merit, the right to appeal does not comport with fair procedure." 372 U.S. at 357, 83 S.Ct. at 816. Even though the circumstances in *Douglas* and the instant case are different, they are sufficiently analogous to require the application of the view expressed in *Douglas* to this case. Once sufficient excuse for delay is advanced, the equal protection clause of the Constitution should prevent a state from imposing a more rigorous standard on defendants seeking a belated appeal than on those seeking a timely appeal.
>
> *Id.* at 272.

See also Nelson v. Peyton, 415 F.2d 1154, 1159 (4th Cir. 1969); concurring and dissenting opinion, Henderson v. Cardwell, 426 F.2d 150, 155 (6th Cir. 1970).

Since we hold that the failure of the trial judge to advise petitioner of his right to appeal with court-appointed counsel was a violation of his constitutional rights, his failure to timely appeal was therefore excusable. Thus the Illinois Appellate Court erred in denying petitioner's motion to file a late notice of appeal. We consequently sustain the district court's action of discharging petitioner pursuant to his writ of habeas corpus, unless within a reasonable time to be fixed by the district court, the State of Illinois permits petitioner to file an appeal from his conviction *in forma pauperis* and to proceed with court-appointed counsel.

Remanded with instructions.

MAJOR, Senior Circuit Judge.

I agree with Judge Kerner's opinion to the extent that it affirms the judgment appealed from and that Victor v. Lane, 394 F.2d 268, a previous decision of this court, should be overruled. I also agree in the main with his analysis of the Supreme Court decisions. I feel obliged, however, to disagree with the manner in which he has given effect to those decisions.

The cases cited and discussed fall into two categories, (1) those which involve the right of a defendant to appeal, and (2) those which involve the right to a trial by jury. In the first category are Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891; Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, and Williams v. Oklahoma City, 395 U.S. 458, 89 S.Ct. 1818, 23 L.Ed.2d 440. In the second category are Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, and Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437.

As I read Judge Kerner's opinion, it is these latter cases which are relied upon as justifying a distinction between a felony and a misdemeanor or, as is said, between a "serious" and a "petty" offense. In my view, such reliance is

---

2. This opinion has been circulated among all judges of this court in regular active service and a majority voted not to rehear *en banc* the matter of overruling Victor v. Lane, 394 F.2d 268 (7th Cir. 1968).

misplaced as those cases, concerned with the jury issue, involved factors which render them inapposite to the instant situation.

The Illinois Statute provides a right to appeal in all criminal cases without distinction between a felony and a misdemeanor. *Griffin, Douglas* and *Gideon* make no such distinction. True, a felony was involved in each of those cases but that was no more than incidental. It was the reasoning of the court in each case, applicable to all criminal cases, from which it announced a principle of constitutional law. Without repeating Judge Kerner's quotation from *Griffin,* I add a further statement from that opinion (351 U.S. page 19, 76 S.Ct. 591):

> "There can be no equal justice where the kind of trial a man gets depends on the amount of money he has. Destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts."

In *Gideon* the court held (372 U.S. page 335, 83 S.Ct. 792):

> "The right of an indigent defendant in a *criminal trial* to have the assistance of counsel is a fundamental right essential to a fair trial, and petitioner's trial and conviction without the assistance of counsel violated the Fourteenth Amendment. Betts v. Brady, 316 U.S. 455, [62 S.Ct. 1252, 86 L.Ed. 1595] overruled." (Italics supplied.)

In *Douglas* the court reiterated its reasoning in *Griffin* and held (372 U.S. page 353, 83 S.Ct. 814):

> "Where the merits of the one and only appeal an indigent has as of right are decided without benefit of counsel in a state *criminal case,* there has been a discrimination between the rich and the poor which violates the Fourteenth Amendment." (Italics supplied.)

Any doubt that the Supreme Court made a distinction between a felony and a misdemeanor was dispelled in *Williams,* a later decision involving a petty offense, where the court held (395 U.S. page 458, 89 S.Ct. 1818):

> "The denial to petitioner, an indigent who was convicted of drunken driving, of a copy at public expense of the trial transcript which he needed to perfect an appeal, to which he was entitled 'as a matter of right' under Oklahoma law, is a violation of the Fourteenth Amendment."

The court quoted from a previous opinion (395 U.S. page 459, 89 S.Ct. page 1819):

> " 'This Court has never held that the States are required to establish avenues of appellate review, but it is now fundamental that, once established, these avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts. [Citing numerous cases, including *Griffin* and *Douglas*.]' "

To me, the conclusion is inescapable that Illinois having established avenues of appellate review in all criminal cases, such avenues must be kept open to all defendants in felony and misdemeanor cases alike. For an indigent defendant this can only be done by advising him of his right of appeal and furnishing him with a transcript and counsel so that he may have the benefit of such right. Otherwise, there is a discrimination against the indigent which the Supreme Court has declared to be a violation of the Fourteenth Amendment.

That an indigent defendant charged with a misdemeanor is entitled to the same protection as one charged with a felony has been held by the Fifth Circuit on three occasions. In Goslin v. Thomas, 400 F.2d 594, the defendant was convicted of a misdemeanor under the law of Louisiana. He was not offered or furnished the assistance of counsel. The court affirmed the district court, which had held that the right to counsel extends to State misdemeanor cases. The court referred to its previous decision in Harvey v. State of Mississippi, 5 Cir., 340 F.2d 263, where the defendant had been convicted under the

law of Mississippi of a misdemeanor, the illegal possession of whiskey. As to that case the court stated (400 F.2d page 597):

> "In setting aside his conviction, this court in a habeas corpus proceeding recognized that the cases upon which it relied all involved felony convictions, but it was observed that the rule did not depend on a felony-misdemeanor dichotomy."

The court also referred to its previous decision in McDonald v. Moore, 5 Cir., 353 F.2d 106, where the defendant had been convicted of a misdemeanor under the State law of Florida, the illegal possession of whiskey. As to that case the court stated (400 F.2d page 597):

> "Again we held that the conviction and sentence were invalid due to the failure of the state to advise the appellant of his right to the assistance of counsel."

I would affirm the order of the district court.