**Robert G. BABICH, Petitioner,**

v.

**Elmer O. CADY, Warden, Wisconsin State Prison, Respondent.**

**No. 71-C-371.**

United States District Court,
E. D. Wisconsin.

Jan. 18, 1972.

Richard E. Reilly, Milwaukee, Wis., for petitioner.

William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondent.

## OPINION AND ORDER

TEHAN, Senior District Judge.

This petition for issuance of the writ of habeas corpus, in which the court appointed counsel for the indigent petitioner, is submitted for decision on the pleadings, and briefs and oral argument by counsel.

On August 5, 1969, petitioner was convicted in the Milwaukee County Circuit Court of the crime of sexual perversion in violation of § 944.17(1), Wis. Stats. He was sentenced to an indeterminate term of imprisonment of not more than three years on October 3, 1969.

Neither the trial court nor petitioner's retained trial attorney advised him of his right to appeal, see § 958.13, Wis. Stats. providing for serving of notice of appeal within one year after entry of judgment, or of the right to appointed counsel on appeal if he were indigent, see § 957.26(5), Wis.Stats. (1967).

On motion for postconviction relief under § 974.06, the trial court ordered the reinstatement of petitioner's right to appeal for a period of ninety days from date of hearing, May 6, 1971. However, petitioner's attempted appeal and request for appointment of counsel were denied by the Wisconsin Supreme Court by order, dated May 17, 1971, for the

reason that the court was without jurisdiction to entertain a belated appeal.

On the authority of United States ex rel. Singleton v. Woods, 440 F.2d 835 (7th Cir. 1971), petitioner claims denial of his right to appeal by the failure of court and counsel to advise him concerning his rights to appeal and appointed counsel.

In view of the undisputed facts in this proceeding,[1] the sole issue to be determined is whether or not Singleton is to be applied retroactively in petitioner's case in which the conviction occurred and the time for filing notice of appeal had expired prior to the date of the Singleton decision on February 18, 1971.

In Singleton, the indigent petitioner had not been advised of his right to appeal by the trial court or by appointed counsel. Applying the reasoning of Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) and Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L. Ed.2d 799 (1963), the court held as follows:

" * * * (T)he trial judge should have advised petitioner of his right to appeal and, as a constitutional corollary, his right to court-appointed counsel on appeal if he is indigent. Failure to give such advice violated petitioner's right to equal protection under the fourteenth amendment and his six amendment right to counsel, incorporated through the due process clause of the fourteenth amendment." (citations omitted) 440 F.2d at 836.

Thus, the court promulgated a new principle of a constitutionally mandated duty of the trial judges to advise convicted defendants of any right to appeal they may have under state law, based on the equal protection clause of the Fourteenth Amendment and the rationale of cases decided under said clause assuring indigent defendants equality with non-indigents with respect to appellate rights. The effect of Singleton is to provide a remedy for the violation of the constitutionally mandated duty regardless of the merits of the appeal.

Although the court did not resolve the question whether a trial judge should have to advise all defendants, those who are indigent as well as those appearing by retained counsel, see 440 F.2d at 836, fn. 1, this court is of the opinion that henceforth sound implementation of the duty will require the trial judges to advise all convicted defendants of their appellate rights.

However, in light of the standards governing the determination of the date of application of the newly promulgated rule, see United States v. Liguori, 438 F.2d 663, 670-676 (2nd Cir. 1971) for an analytical summary of the decisions of the United States Supreme Court on this question, the court determines that Singleton may not be given retroactive application in petitioner's case.

The purpose of the new rule of Singleton is prophylactic, that is, to assure procedural implementation of the right to appeal and to representation by counsel on appeal in case of indigency, not a new declaration of the substantive equal protection right to appeal with counsel where the state has established avenues of appellate review that are in themselves not constitutionally required. See Williams v. Oklahoma City, 395 U.S. 458, 459, 89 S.Ct. 1818, 23 L.Ed.2d 440 (1969).

The duty newly imposed on the trial judges may be compared to that in determining the voluntariness of a plea of guilty, declared in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) held to be prospective in application in Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969). Neither rule is designed to correct "serious flaws in the fact-finding process at trial." Stovall v.

1. Petitioner has withdrawn the allegation that he was incorrectly advised as to the time for taking appeal by a social worker at the correctional institution. This allegation, if established as fact, would not be material to the decision here.

Denno, 388 U.S. 293, 298, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199 (1967). See also Shiflett v. Commonwealth of Virginia, 447 F.2d 50 (4th Cir. 1971) denying retrospectivity to Nelson v. Peyton, 415 F.2d 1154 (4th Cir. 1969) which held actionable the failure of counsel to fully advise his client as to his appellate rights.

Additionally, the court finds that state judges could justifiably rely on the decision of the Court of Appeals for the Seventh Circuit in Victor v. Lane, 394 F.2d 268 (7th Cir. 1968), overruled in *Singleton*, where it was held that,

"* * * Although most would agree that it is good practice for a trial court to inform a convicted defendant of his right to appeal, and to be furnished counsel if he is indigent, the absence of such advice is not deemed a denial of due process or equal protection." 394 F.2d at 269–270.

At the time of petitioner's conviction no decision of the Supreme Court of the United States or of the Seventh Circuit Court of Appeals or the courts of the State of Wisconsin required the trial court to advise him of his rights on appeal whether he had been indigent or appeared with retained counsel. Nor does the dissent in *Victor* expressly recognize such a duty. Judge Swygert's disagreement with the majority rested on his opinion that equal protection prohibited a state from imposing a more rigorous standard of showing arguable merit of the appeal in case of a defendant seeking a belated appeal who had shown sufficient excuse for the delay than on those seeking a timely appeal.

The court further notes that respondent, based on statistics available to the office of the Attorney General of Wisconsin, contends that the impact on the administration of justice of retroactive application of the decision in *Singleton* would be staggering.[2] Respondent's fur-

ther contention that the grant of relief of belated appeal is not available in Wisconsin and would, therefore, require the release of all prisoners having a meritorious claim need not be considered in view of the decision herein.

Of importance, however, as a factor in denying retroactive application of *Singleton* in petitioner's case, is the fact that *Singleton* involved a defendant who was indigent at the time of his conviction while petitioner appeared in the trial court with retained counsel. Although noting this distinction, counsel for respondent directed the main thrust of his opposition to the petition against retroactive application of *Singleton*. Since the Court of Appeals did not decide whether or not the ruling applied in a case of a nonindigent, there remains the question whether *Singleton* must be interpreted as implicitly comprehending the situation of the defendant represented by retained counsel at the time of his conviction. This may be resolved in petitioner's case by the determination that *Singleton* would in no event be applied retroactively to remedy a violation of constitutional rights not expressly recognized in the decision.

Petitioner, because of reliance on *Singleton*, only indirectly premised his request for relief on allegedly inadequate representation by counsel who failed to advise him of his appellate rights, as did the petitioner in Nelson v. Peyton, *supra*. Such a theory, although it might avoid the distinction based on the indigency of petitioner posed by *Singleton*, would not entitle him to relief since the law at the time of his conviction required a showing of arguable merit as a condition to the grant of a belated appeal under Victor v. Lane, *supra*, which showing has not been made in this case.

In view of the foregoing opinion the court determines that petitioner has

2. Counsel stated that there may be as many as 2,500 persons in Wisconsin custody who may not have been fully informed concerning their rights on appeal within the last three years. If these convicted defendants were to be able to remedy the violation of their constitutional rights by belated appeal with appointed counsel the impact on judicial resources would indeed be staggering.

failed to show any actionable violation of his constitutional rights.

Now, therefore, it is ordered that the petition be and it hereby is denied.